THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF THE UNITED STATES *vs.* ARIANA J. LYLES *et al.*, TERRE TENANTS OF AQUILA JOHNS.—*December* 1838.

When a writ of diminution has issued to amend the record of a cause depending in the Court of Appeals, the court from which the appeal is taken may, upon motion, order the record to be amended, by inserting a writ therein which the clerk did not, but ought to have issued.

The running of the act of limitations is arrested by the docketting of an action, with directions to the clerk to issue the necessary process, whether such process is issued or not.

CROSS APPEALS from *Prince George's* County Court.

It appeared by the record in this cause that, on the 6th April 1831, the appellants sued out of *Prince George's* county court a writ of *scire facias*, reciting that, at a county court begun &c., in and for said county, &c., on the 1st Monday in September 1806, *The President and Directors and Company of the Bank*

*of the United States*, by the judgment of the said court recovered against a certain *Aquila Johns* as well the sum of £3000 current money, a certain debt, &c. This writ then proceeded in the usual form, to summon the appellees to appear as *terre tenants* of *Aquila Johns*, and shew cause, &c., and was returnable on the second Monday of October 1831. The defendants appeared voluntarily, and after oyer pleaded *nul tiel record* and limitations.

At October term 1832 the plaintiffs prayed leave to amend their writ, and it was accordingly amended to a writ reciting, "Whereas at a County Court begun &c., on the first Monday of September, 1806, a certain *John Davidson*, administrator of *Uriah Forrest* deceased, for the use of *The President, Directors and Company of the Bank of Columbia*, by the judgment of the same court, recovered against a certain *Aquila Johns*, late &c., as well &c.; and whereas the said *President, Directors and Company of the Bank of Columbia*, since the rendition of the said judgment, to wit, at October term 1828, assigned, transferred and set over the same to and for the use of *The President, Directors and Company of the Bank of the United States*, according to the act of assembly in such case made and provided; and whereas, &c., then pursuing the usual form and suggesting that execution still remained to be made by *The President and Directors of the Bank of the United States*. This writ purported to have been issued on the 6th May 1831.

The defendants again pleaded *nul tiel record* and limitations.

Upon the first plea an issue in law was joined.

To the second plea the plaintiffs replied that, the original judgment rendered in 1806 was obtained by *John Davidson*, administrator of *Uriah Forrest*, for the use of the President and Directors of the *Bank of Columbia*, and was afterwards, to wit, at the October term of *Prince George's* County Court, in the year 1828, assigned and set over for the use of the said *President, Directors and Company of the Bank of the United States*, and that the plaintiffs to said judgment at the time when the same was rendered were residing, and up to the time of the

assignment as above set forth to the plaintiffs in this suit, did continue to reside in parts beyond seas and without the jurisdiction of this State, to wit, in the District of Columbia. And the said plaintiffs further aver, that after the assignment to them as aforesaid, to wit, on the 24th November 1830, they sued forth their *scire facias* in this behalf, which said *scire facias* was afterwards, with the leave and by the directions of the court, amended as the same now stands, and this, &c.

The defendants demurred to the replication to the plea of limitations, and the plaintiffs joined in this demurrer.

The first issue the County Court decided for the plaintiffs, and the second, the demurrer for the defendants, and rendered final judgment for the defendants. The appellants prayed an appeal.

In the appellate court at December term 1836, (16th January 1837) the parties filed an admission, that the plaintiffs caused this suit to be docketed on the 24th November 1830, on the appearance docket of *Prince George's* County Court to the term then next ensuing; but that the writ of *sci fa* was not then, nor at any time afterwards, issued, until the 6th May 1831, as stated in the record. That at the time of issuing the *sci fa*, the title of the suit which had been docketed as aforesaid on the 24th November 1830, was brought forward by the clerk in the manner that cases usually are, when the process in them has not been served, and has been ordered to be renewed, and that the record of this cause in the Court of Appeals shall be considered by the court as amended, so as to embrace and present all the matters of fact herein admitted, as fully as if the same had been inserted on a writ of diminution for that purpose issued.

At the June term of this court, 1838, the appellants suggested a diminution of the record by the omission, 1st., of the motion made by the appellants in the court below on the 24th November 1830, for a *scire facias*, and of the award thereof.— 2nd., of the *scire facias* amended thereupon, which issued, or ought to have issued, as above stated.—3rd., of the continuance of the cause.

A diminution was accordingly issued, and the clerk of the County Court re-transmitted the same record, when a second diminution was applied for, and granted.

By the record returned to this court on the 3rd December 1838, it appeared, that on the 24th November 1830, the appellants sued out as their *first* process, the *scire facias*, secondly mentioned in this report, that it was not returned by the sheriff of *Prince George's* county, and that an *alias sci. fa.* was issued on the 6th May 1831. This was returned *nihil*, and the appellees voluntarily appeared and after oyer pleaded as before. It then appeared that the appellants, at April term 1833, had taken leave to amend their scire facias; the amended scire facias was set forth as issued on the 6th May 1831, and conforms to the one of the same date herein before set out. To this amended writ, the parties pleaded as before, and the judgment before mentioned was rendered by the county court.

The record brought up and filed on the 3rd December 1838, upon the cross appeal of the appellees, the defendants below, stated that, at October term 1838 of *Prince George's* county court, the plaintiffs there moved the court to amend the record in this cause, by inserting therein a writ of *scire facias*, to be titled as of September term 1830; and corresponding with a writ of *scire facias* therein, which purports to have issued on the 6th May 1831, and by entering a proper return of nihil or otherwise by the sheriff, and by such further entry therein as will show that the writ of *scire facias* now therein, and purporting to have been issued on the 6th May 1831, was an *alias* writ—and the parties filed the following statement:

At this term the plaintiff moved the court to amend the record by inserting therein the *scire facias*, which it was alleged should have issued on the 24th November 1830. The plaintiffs then, to shew that the first writ issued, offered all the proceedings in the cause in evidence, and also showed, that to the term following, that to which the original *scire facias* would have been returned if it had issued, there was a memorandum in the margin of the docket of said succeeding term, which was the October term 1831, that the writ which issued to that

42        v.10

term was a second writ; a copy of which, and copies of all the docket entries of the action at succeeding terms, to the rendition of the judgment in the action, shall be annexed hereto as a part of this statement.   It also appeared, that upon the original or rough docket to the first term, which was the April term 1831, the usual marks indicating the issuing of the writ were not made; which marks are an *i* at the foot of the case, and the words delivered to the sheriff, when it is so delivered; and the clerk upon being examined proved, that according to his recollection the first writ did not in fact issue.

The plaintiffs then proved by the counsel, at whose instance the original *scire facias* was docketed, that at the time of so doing, he referred the clerk to the original judgment which it was intended to revive, and the same was examined by the clerk, but the said counsel furnished the clerk with no other titling, but a reference to the judgment as aforesaid, or with written or other instructions as to the form of the writ.   He also proved, that the absence of the marks which indicated the issuing of writs are not in all cases conclusive evidence that such writs have not issued, by referring to several cases where, in the absence of such marks, the writs nevertheless issued.   The defendants then proved by an examination of the docket, that the entry on the docket, which indicated that a writ was a second or alias writ, did not conclusively prove the issuing of the first writ, by referring to cases in which such entry was made, when the first writ did not in fact issue; and thereupon the defendant's counsel objected to the said motion and amendment; but the court notwithstanding such objection passed the following order hereafter mentioned.   From which order the defendants prayed an appeal, and the same was granted.

A copy of the docket entries referred to in the aforegoing statement of facts, viz:

Bank of the United States *vs.* Lyles *et al.*—1838.

| 1831. May 6th. O. C. | The President, Directors & Co. of The Bank of the United States, | October term 1831. Sci fa. Sheriff's return Nihil. |
|---|---|---|

The President, Directors & Co. of The Bank of the United States,

Arianna J. Lyles and Arianna J. Lyles, Guardian to Sarah M. Lyles, tenants of Aquila Johns.

October term 1831. Sci fa. Sheriff's return Nihil.

April term 1832. Sci fa. Nul tiel record and limitations. Mo. and leave to amend Sci fa cont'd.

Oct. term 1832. Same entries.

April term 1833. Sci fa. Nul tiel record and limitations. Rule rep. Leave to amend Sci fa. Amended Sci fa. filed. Rule plea cont'd.

Oct. term. Sci fa. Amended Sci fa. Nul tiel record and limitations. Rule rep. cont'd.

April term 1834. Sci fa. amended sci fa. nul tiel record and limitations. Rule rep. rep'n filed 7th April 1834; cont'd.

Nov. term 1834. Sci fa. amended sci fa. nul tiel record and limitations; issue to nul tiel record. Rep. f'd. Rule rej. Gen'l demurrer to rep. cont'd.

April 1835. Sci fa., amended Sci fa., nul tiel record and limitations, issue to nul tiel record rep. f'd., demurrer to rep. Joinder on demurrer, cont'd.

Nov. 1833. Same entries. Judgment on demurrer for def't.

True copy. Test,

A. BEALL, Clk.

The county court (Stephen J., Key and C. Dorsey, A. J.) at October term 1838, upon the aforesaid motion, ordered, that the clerk make out and insert in the record, a *scire facias* from the docket entries, and other proceedings in the cause; which shall correctly recite the judgment sought to be revived, and purport to have been issued on the 24th November 1830. The court overrule so much of the motion as seeks to have any entry made of a return of said writ by the sheriff, the

court not finding, that any return of any such writ was made by the sheriff. From which order the *appellees* appealed.

These appeals came on to be argued before ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By T. G. PRATT and T. S. ALEXANDER for *The Bank of the United States.*

The appellants insist, that the judgment in this case ought to be reversed, and a new judgment entered in their favor.

1. Because the judgment in the record mentioned, was not barred by the act of limitations at the time of the issue of the writ of *scire facias* to revive the same.

2. Because the plaintiffs below (now the appellants) are entitled to maintain a *scire facias* in their own names.

Upon the appeal taken by the defendants below from the order of the court, allowing an amendment of the record, the Bank plaintiffs below will insist:

1. That no appeal will lie from the order allowing the amendment, as it was passed in the exercise of the discretion of the court below.

2. That if the propriety of the order is now to be reversed, the whole record shews there is no error in the order.

J. JOHNSON for the defendants upon their appeal.

At September term 1806, a judgment had been rendered against *Aquila Johns* at the suit of *John Davidson,* administrator of *Uriah Forrest,* for the use of the *Bank of Columbia,* which was subsequently assigned to the *Bank of the United States.* On the 24th November 1830, the appellee's counsel caused a *scire facias* to be docketed upon this judgment against the appellants, but furnished the clerk no titling or instructions by which he could issue the writ, though he referred him to the original judgment which it was intended to revive. This writ in point of fact never did issue, or if issued never was returned. On the 6th of May 1831, a writ did issue, to which the defendants appeared and pleaded *nul tiel record,* and limitations. The plaintiff replied to the plea of limita-

tions, the savings in favor of non-residents. To this replication there was a demurrer, and judgment on the demurrer for the defendants at November term 1835. The plaintiffs carried the case to the Court of Appeals, and whilst the case was depending in that court, they at October term 1838, moved the county court to amend the record by inserting a writ therein as issued on the 24th November 1830, and by entering a proper return therein, &c. The court granted the first part of the application, but refused the last, and the defendant appealed, and will contend:

That under the circumstances of the case the court had no power to amend the record by inserting a writ therein which had never issued, or been returned.

Upon the plaintiff's appeal he insisted, that the second *sci fa* was defective in not alleging that the assignment to the *Bank of the United States* was in writing.

At the common law the bank could not have issued a *sci fa* on this judgment in her own name.

The right so to proceed is derived from the act of 1829, ch. 51, which requires the assignment to be in writing, and the writ should so have averred. *Gould Pl.* 191, 193. 1 *Saund.* 276 (*a*) 2. *Kent vs. Somerville*, 7 *Gill & John.* 265. The term *assignment*, does not *ex vi termini* import a transfer in writing. 1 *Jacob's Law Dic.* 139.

2. That *A. Johns*, the original defendant if alive, should have been made a party to the *sci fa*, or if dead, his heirs and personal representatives should be parties. *Whitney vs. Camp*, 3 *Johns. Rep.* 86. *Morton vs. Tenant of Crogan*, 20 *Ib.* 106. 2 *Tidd Pr.* 1174. 2 *Saund.* 51 (*a*). It is no answer to say, that this objection should have been taken by plea, that is the mode in which the non-joinder of other terre tenants should be relied upon, as the plaintiff might not otherwise know who were the omitted parties, but for the omission of the defendant himself, or his heirs, there can be no such excuse, as it must be known who they are.

A plea in abatement is never necessary when the *sci fa*

itself shows, that the proper parties are omitted. *Gould*, 279. 1 *Chitty's Pl.* 29.

3. The plea of limitations is a flat bar.

The *sci fa* did not in fact issue until the 6th May 1831, which was twenty-four years from the date of the judgment, and upwards of 12 years from the act of 1818, ch. 216, repealing the savings in favor of non-residents.

The action commenced with the issuing of the writ, and not the docketing of the case. *Gould*, 29, 173, *note* (1). 1 *Tidd Pr.* 104.

And the writ must not only be shown to have issued, but it must appear also to have been returned. *Harris qui Tam vs. Woolford*, 6 *Term. Rep.* 617. 6 *Taunt.* 141.

The court upon the appeal of *The Bank of the United States*, reversed the judgment of the county court and awarded a procedendo; and upon the appeal of the defendants affirmed the judgment of the county court.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.