# THE STATE OF MARYLAND *vs.* LOUIS KIEFER.

*Criminal Law—Presentment in Prosecution for Misdemeanor—*
*Requisites of Presentment—Filing of Valid Presentment is*
*Commencement of Prosecution—Indictment for Violation of*
*Liquor Law Found After the Statutory Period of Limitation*
*Upon Invalid Presentment Filed Prior Thereto.*

Code, Art. 57 sec 10, provides that the prosecution for all misde-
meanors, except those punishable by confinement in the penitentiary,
shall be commenced within one year from the time the offence was
committed. *Held*, that the filing of a valid presentment by the grand
jury is the beginning of the prosecution for such misdemeanor which
stops the running of the statute of limitations, and the accused
may be tried upon the formal indictment filed thereafter.

A presentment in a criminal case should clearly inform the accused
of the charge preferred against him, and should be sufficiently ex-
plicit to enable the State's officer to prepare the indictment.

A presentment which merely charges the accused with "violation of
the liquor law" is invalid for lack of definiteness.

In this State it is not unusual to try persons accused of misdemeanors
on presentment without proceeding to indictment.

A presentment charged the defendant with "violation of the liquor
law" without any description of the nature of the violation. Sub·
sequently, an indictment was found charging the defendant with a
sale of liquor on Sunday to persons not his *bona fide* guests, &c.
The sale was made less than a year before the presentment was
filed, but more than a year before the indictment was found. Under
Code, Art. 57, sec. 10, the prosecution for such offence must be
commenced within one year from its commission. *Held*,

1st. That the indictment cannot be taken as the formal and technica[l]
statement of the charge contained in the presentment, because the
latter is in such general terms that the nature of the accusation
cannot be determined from it; that the indictment itself was there-
fore the beginning of the prosecution, and not having been found
within one year after the commission of the offence, it is barred by
the statute.

2nd. That if the presentment had been valid it would have been the
commencement of the prosecution and would have stopped the
running of the statute.

Appeal from a *pro forma* order of the Criminal Court of Baltimore sustaining a demurrer to the indictment.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*George R. Gaither, Jr., Attorney-General,* and *William C. Smith,* for the appellant.

A presentment is " the notice taken by a grand jury of any offence, from their own knowledge or observation, without any bill of indictment laid before them at the suit of the King, * * * upon which the officer of Court must afterwards frame an indictment before the party presented can be put to answer it." 4 *Black. Com.*, p. 130, ch. xxiii; 1 *Chitty Crim. Law*, 163 ; *Wharton Crim. Pr. & Pl.* (8th ed.), sec 86 ; 1 *Bish. Crim. Pro.* (3rd ed.), sec. 131, *et seq.*; 2 *Hawk, P. C.*, ch. 25, sec. 1. It is generally regarded in the light of instructions upon which an indictment can be framed. *Per Field, Ch. J.*, 2 Sawyer, 678. "A presentment differs from an indictment in that it wants technical form, and is usually found by the grand jury upon their own knowledge, or upon the evidence before them, without having any bill from the public prosecutor." "The government now seldom delivers bill of indictment to the grand jury in advance of their action, but generally waits their judgment upon matters laid before them." This is the practice prevailing in Maryland. And when the grand inquest thus presents, a criminal prosecution has commenced.

English cases showing when criminal proceedings are commenced : *Willace case*, 1 East Crown Law ; *R.* v. *Brooks et al.*, 2 C. & K. 402 ; *Same case*, 1 Dennison's Crown Cases, 217. " When a grand jury finds a special presentment within the limitation specified for prosecuting the offence, the fact that the indictment was not made and filed until the limitation expired is not ground for demurrer." 1 *Wharton Crim. Law*, sec. 447.

The contention that the criminal proceedings were not commenced until the *capias* issued to the sheriff was actually served by that officer upon the appellee, should not have force, because such a rule would place in the hands of violators of the law a means of defeating justice by evading process until the expiration of a year. Courts will not construe laws in a way to assist traversers to escape their plain provisions.

*Isaac Lobe Straus* (with whom was *William B. Rayner* on the brief), for the appellee.

The paper which the State calls a " presentment " is not a presentment according to any test or definition furnished by the commentators upon the common law or by the reports of decisions upon this subject. Yet, disregarding that fact, even a formal presentment by a grand jury is regarded in the practice at common law as nothing more than instructions given by the grand jury to the proper officer of the Court for framing an indictment for an offence which they find to have been committed. *Hawkins Pleas of the Crown*, chap. 25, sec. 1 ; 4 *Blackstone Commentaries*, 301 ; 1 *Chitty Cr. Law*, 162 ; 2 *Hale Pleas of the Crown*, 151. When the indictment has been prepared by him it is submitted to the grand jurors, *and upon their finding it a true bill the prosecution commences upon that indictment.* The presentment merged in the indictment ceases and becomes extinct, and the Court looks to the indictment alone to ascertain the nature and circumstances of the offence charged. If, however, the prosecuting officer who is the representative of the State, and whose concurrence and co-operation in the prosecution are always required, declines framing an indictment upon these instructions, the presentment ceases to exist for any purpose. *Laird* v. *State*, 61 Md. 311 ; *Byers* v. *State*, 63 Md. 211 ; *Christian's case*, 7 Grattan, 635. Moreover, the original form and the history of the statute under consideration in this case show the contention of the appellee to be correct. *Laws of Maryland*, (Hanson) 1777, chap. 6 ; *Laws of Maryland*, 1801, chap. 74, sec. 32.

In those States of the Union where the statutory provisions limiting the time for the prosecution of misdemeanors is expressed in the same language as our own, the appellate Courts have all held, in ruling upon the point, that the finding of the indictment is to be deemed the commencement of the prosecution within the intendment of such statutes, and that in order to stop the running of the statute it is necessary for the indictment to be found.

Florida: *McClellan's Digest*, p. 435, chap. 83, sec. 2; *Weinert* v. *State*, 35 Fla. 297; *Warrace* v. *State*, 27 Fla. 362; *Chandler* v. *State*, 25 Fla. 728; *Nelson* v. *State*, 17 Fla. 196–7; *Robinson* v. *State*, 20 Fla. 804.

Illinois: *Criminal Code*, sec. 316; *Lamkin* v. *People*, 94 Ill. 501; *Garrison* v. *People*, 87 Ill. 96; *Church* v. *People*, 10 Bradwell (Ill. App.), 222.

Pennsylvania: 2 *Brightly's Purdon's Digest*, pp. 1069–70, sec. 37; *Com.* v. *Werner*, 5 Pa. Superior Ct. Rep. 249; *Com.* v. *Bartilson*, 85 Pa. St. 482; *Gise* v. *Com.*, 81 Pa. St. 428; *Com.* v. *Haas*, 57 Pa. St. 443; *Com.* v. *Bates*, 1 Pa. Superior Ct. Rep., p. 228; *Rosenberger* v. *Com.*, 11 Atlantic Rep. 782.

Kentucky: *Genl. Statutes* (1888), p. 402, sec. 23; *Com.* v. *McGibben*, 40 S. W. Rep. 694; *Williams* v. *Com.*, 37 S. W. Rep. 839; *Com.* v. *Cain*, 14 Bush. 525.

New Hampshire: *State* v. *Arlin*, 39 N. H. 181; *State* v. *Ry. Co.*, 58 N. H. 182; *State* v. *Harvey*, 58 N. H. 380; *State* v. *Robinson*, 29 N. H. 276; *State* v. *Hunkins*, 43 N. H. 557.

Kansas: *In re Crandell* (1898), 59 Kan. 675.

Maine: *State* v. *Hobbs*, 39 Me., pp. 214–216.

Vermont: *Vt. Statutes*, vol. 2, p. 406; *State* v. *G. S.*, 1 Tyler's Rep. 295, 296, 300.

West Virginia: *State* v. *Beasley*, 21 W. Va. 781.

Indiana: 2 *Gavin & H.*, p. 393, Art. 2, sections 10, 11, 12; *Jones* v. *State*, 14 Ind. 346; *Hatwood* v. *State*, 18 Ind. 492; *Ulmer* v. *State*, 14 Ind. 52, 232; *State* v. *Patterson*, 116 Ind. 45; *Courtney* v. *State*, 5 Ind. App. 356.

Mississippi : *Miazza* v. *State*, 36 Miss. 613 ; *McCarty* v. *State*, 37 Miss. 411.

Missouri : *State* v. *English*, 2 Mo. 181 ; *State* v. *Myers*, 68 Mo. 268 ; *State* v. *Hughes*, 82 Mo. 86 ; *City* v. *McCormick*, 56 Mo. App. 531 ; *State* v. *Powell*, 44 Mo. App. 21.

South Carolina : *State* v. *Dent*, Richardson, 469, 471 ; *State* v. *Thomas*, 8 Rich. 299 ; *State* v. *Fields*, 2 Bailey, 554 ; *State* v. *Waters*, 1 Strobb, 59.

Tennessee : *Revised Statutes*, 1836, page 444 ; *Anthony* v. *State*, 4 Humph. 83, 85.

In the practice in Virginia, the presentment has been allowed an efficacy not known at common law in England and in this country. It has been permitted in many instances to stand in place of an indictment and persons are required to answer to it. *Towles' case*, 5 Leigh, 743 *Christian's case*, 7 Grattan, 635. See also *State* v. *Morris*, 104 N. C. 837 ; *State* v. *Robertson*, 55 Neb. 41.

The order of the State's attorney to the Clerk of the Criminal Court to summon witnesses to testify before the grand jury, with the word " presented " on the back of it, is not and cannot be considered the beginning of a legal and constitutional prosecution in this State. It is not the proceeding on which the State's prosecution is based and conducted, and to which the accused must answer and plead, and on which he must be tried. It does not set forth the accusation against him, or where or when the offence was committed. It does not show who found the charge, or that it was found on oath. It does not enable him to avail himself of any of the rights which are guaranteed to him by the organic law of the State.

The " prosecution " referred to in the statute is the *prosecution of the indictment*, because the proceeding never reaches a stage when it can be constitutionally and lawfully prosecuted until the indictment is filed. It is to the *indictment* that the alleged traverser must answer, and upon the allegations of the indictment that a judgment convicting him of having committed the offence charged must stand or fall. The

object of the secret proceedings preliminary to the indictment is merely to ascertain if an offence has been committed, and if so, who probably committed it, and to secure and hold the perpetrator until the State, through its prosecuting officers, shall have an opportunity to institute or commence against him a prosecution for the crime found to have been committed. These secret preliminary proceedings are as the Supreme Court of the United States in a case hereinafter referred to declared " no part of the criminal proceedings against the accused, but are merely to assist the grand jury in determining whether such proceedings shall be commenced ; the grand jury may ignore the bill and decline to find any indictment, and it cannot be known whether any proceedings will be instituted against the accused until an indictment against him is preferred in open Court." To the same effect, MR. CHIEF JUSTICE PARSONS, in an early case, declared : " The prosecution by information is commenced by the filing of the information, and the prosecution by indictment is commenced by the filing of the indictment." *Com.* v. *Cheney*, 6 Mass. 348.

" Criminal proceedings cannot be said to be brought or instituted until a formal charge is openly made against the accused, either by indictment presented, or information filed in Court, or at the least by complaint before a magistrate. The submission of a bill of indictment by the attorney for the government to the grand jury, and the examination of witnesses before them are both in secret, and are no part of the criminal proceedings against the accused, but are merely to assist the grand jury in determining whether such proceedings shall be commenced ; the grand jury may ignore the bill, and decline to find any indictment ; and it cannot be known whether any proceedings will be instituted against the accused until an indictment against him is presented in open Court." *Post* v. *U. S.*, 161 U. S. 587. To the same effect and with equal force is the language of MR. JUSTICE GRIER in the case of *Commonwealth* v. *Artman*, 3 Grant (Ct. Ct.), 436. See also *Georgia* v. *O'Grady*, 3 Woods (Ct. Ct.),

496–7 ; *Tennessee* v. *Davis*, 100 U. S. 257, 271 ; *Virginia* v. *Paul*, 148 U. S. 107 ; *U. S.* v. *Slacum*, 1 Cranch (Ct. Ct.), 485 ; *U. S.* v. *Ballard*, 3 McLean, 469 ; *Regina* v. *Hull*, *per* Pollock, C. B., 2 Foster & Finlason, 16 ; *Regina* v. *Parker*, 9 Cox Cr. Cas. 475 ; *Regina* v. *Casbolt*, 21 Law Times (N. S.), 263.

FOWLER, J., delivered the opinion of the Court.

The defendant was indicted in the Criminal Court of Baltimore for a violation of the liquor law.    The indictment charges that the act alleged to have constituted the violation of the law was committed on the 30th May, 1897, and the record shows that the indictment was not filed until the 11th June, 1898, that is to say, it was filed a few days after the expiration of one year from the commission of the alleged misdemeanor.    It is conceded, however, that the presentment, if it be a valid presentment, was filed before the expiration of the period of limitation.    The defendant demurred on the ground that the indictment shows on its face that the prosecution is barred by sec. 10, Art. 57 of the Code, which provides that " no prosecution  *  *  shall be commenced for any  *  *  *  misdemeanor, except those punished by confinement in the penitentiary, unless within one year from the time of the offence committed." The Court below sustained this demurrer and the State has appealed.    It does not appear, however, that a final judgment was entered by the Court below on the demurrer. But waiving this difficulty we will proceed to consider the question presented.

The contention of the defendant is that the filing of the indictment is the commencement of the prosecution, and that even if the filing of a formal presentment can be held to have that effect, no such presentment was filed in this case. The State, on the other hand, contends that the presentment is the beginning of the prosecution, and that the presentment as set forth in the record is sufficient.

In the first place, it seems very clear to us that the pre-

sentment—or what is called the presentment—in this case, falls far short of what is required by the established practice. It is as follows :                                              o

"SPECIAL,

State's Attorney's Office.

STATE OF MARYLAND,          ⎫
                            ⎪   Baltimore, May 26, 1898.
        *vs.*               ⎬
                            ⎪   Charge :  Violation of liquor
    LOUIS KIEFER.           ⎭           law.

HIRAM G. DUDLEY, ESQ.,

  *Clerk of the Criminal Court of Baltimore.*

Please summon the witnesses hereinafter named to testify for the State before the grand jury.

HENRY DUFFY,

*The State's Attorney, &c., &c.*

Then follows a list of witnesses for the State.  Upon this order to the clerk—or it is called " special case "—is endorsed the following : " Presented May 27th, 1898.

WALDO NEWCOMER,

*Foreman."*

It is sufficient to say that every presentment should clearly inform the accused of the charge preferred against him, and that it should be sufficiently explicit and definite to enable the State's officer to prepare the indictment.  But the presentment in this case does neither.  The only charge set forth is "violation of the liquor law"—whether by a sale on Sunday in any of the various ways that the Sunday liquor law may be violated, or by a sale to a minor on any day, does not appear.   It is clear that the indictment on which the defendant was tried could not have been prepared from the information afforded by the presentment.  By the indictment he is charged with having unlawfully sold intoxicating liquors to certain persons who were not his *bona fide* guests, such liquors to be drunk in the room or with the meal, &c.—he being a hotel keeper, &c.   But he might with the same propriety have been indicted for a sale to a

minor. Under those circumstances this indictment cannot be said to be the formal and technical statement of *the charge* contained in the presentment, for, as we have said, the présentment is in such general terms that it is impossible to determine *from it* what the accusation is. It would necessarily follow, therefore, if the presentment is not sufficient, that the prosecution must fail, for it is conceded that the indictment was not filed until after the time limited by sec. 10, Art. 57.

But inasmuch as the main question in the case (indeed the only one that was argued) is whether the presentment, assuming it to be a valid presentment, or the indictment, is the commencement of the prosecution within the meaning of our statute of limitations applicable to prosecutions for misdemeanors (Art. 57, sec. 10), we will consider it briefly. It may be remarked that it is not unusual in this State to try the accused on a presentment, without proceeding to indictment, especially in misdemeanors of the same class as that with which the defendant is here charged. If such a course has not been usually conceded to be the right of the accused, it is at least uniformly in the circuits granted as a favor, and accorded to him as a convenience, and adopted as a means of expediting business. It may also be observed that both the Constitution of the United States and of our own State use the terms indictment, presentment and charge interchangeably. Thus the accused shall have the " right to be informed of the accusation against him and to have a copy of the indictment or charge in due time to prepare his defence." *Bill of Rights, Art. 21.* " No person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury." *5th Amendment, United States Constitution.* It is all the more necessary, therefore, that the presentment or charge should be full and definite, so that if the accused should wish to avail himself of a speedy trial without waiting for the preparation and filing of a formal indictment he may safely do so. In addition to these illustrations which tend to

. show that *the presentment* has been considered as at least *the first step* in the prosecution, we may refer to the *8th sec. of Art. 4 of our Constitution*, providing that in all cases of *presentments* or indictments the Court shall in capital cases, when the required affidavit has been made, order the record in such *presentment* or *indictment* to be transmitted to some other Court having jurisdiction in such case for trial. Of course this means and must mean that when the case is to be tried, as we have said it often is tried on the presentment, and there is a suggestion for removal, the record of proceedings in such *presentment* are transmitted for trial in some other Court, and when the case is to be tried on an indictment and there is a suggestion for removal, then the record in such indictment is to be transmitted. But independent of these general considerations, we think upon a proper construction of our statute that the filing of the presentment should be considered the commencement of the prosecution. We know of no rule of construction which requires us *to limit* the ordinary and plain meaning of words used in statutes regulating criminal proceedings. On the contrary, the rule is that such language, although to be construed strictly, yet it should be given its plain meaning. *Southerland Stat. Construction*, sec. 349. Now it is evident that the period of limitation within which a *prosecution* for a misdemeanor must be brought is the same as that prescribed for the bringing of *a suit* for any fine, penalty or forfeiture, because these two separate proceedings are included in the same section—and the period of limitation for both of them is one year. If this were a suit to recover " a fine, penalty or forfeiture," it needs no argument to show the docketing of the suit would constitute the commencement of the action. This would necessarily be so, because in such proceedings there is neither presentment nor indictment, but the proceeding to recover any fine, penalty or forfeiture would be an action of debt. In analogy to the rule adopted in civil cases, it would seem to be clear that the commencement of such a suit must be the time when it is docketed whether

the summons be issued or not.  *Bank* v. *Lyles*, 10 G. & J.
326 ; *Logan* v. *State*, 39 Md. 177.   We see neither objec-
tion to, nor difficulty in applying the same rule to both
classes of proceedings mentioned in sec. 10, namely, that the
first act which clearly indicates an intention to proceed, if it
be made public and a matter of record in the proper Court,
shall be held to be the commencement of the prosecution or
of the suit as the case may be.   In case of a prosecution
this act would be the filing of the presentment by the grand
jury, on information by the State's officer or the docketing
of a suit to recover a fine, penalty or forfeiture.

It was contended, however, that this question has been
decided by this Court in the case of *World* v. *State*, 50 Md.
55.   But it does not appear to have arisen there.   It is true
it was there said that the offence for which the accused was
tried, being a misdemeanor, "it must be prosecuted within
one year from the time of its commission," and "it is neces-
sary in order to justify a conviction that the proof should
establish the fact that the accused was a common thief within
one year before the prosecution was begun, and therefore
evidence of acts of larceny committed more than a year be-
fore the indictment was found would not be admissible."
There is nothing in the case just cited, however, to show
that any question was raised as to whether the filing of the
presentment or of the indictment is to be considered the
commencement of the prosecution.   And it may well be
that under the circumstances of that case it was immaterial
which of them should be given that effect.   But, however
this may be, it is sufficient to say that the Court's attention
was not directed to the question now before us.

Decisions in other States were relied on by the defendant
to sustain his construction of our statute, but it will be
found that most of the statutes differ materially from ours.
In 1 *Wharton's Crim. Law*, 8 ed., sec. 449*a*, it is said that
"the procedure which must be instituted in order to serve
the statute is in the federal statutes 'indictment or informa-
tion,' and in the statutes of most of the States 'indictment.'"

An examination of the statutes referred to will prove this statement to be correct. In Pennsylvania there is an express provision that " all *indictments* for any crime or misdemeanor * * * shall be brought * * within " the statutory period. 2 *Brightly's Pur. Digest*, p. 1069, &c., and also in *Illinois Crim. Code*, sec. 316. Under the Pennsylvania and other similar State statutes (and as Mr. Wharton says, most of them have a substantially similar provision), even if it be conceded that the presentment is the commencement of the prosecution, it would necessarily follow that no matter when the prosecution is begun, *the indictment* must be filed within the statutory period. But there is no such controlling language in our statute (sec. 10, Art. 57). " No prosecution," says our Code, " shall be commenced unless within one year," &c., and therefore we are at liberty to hold, as we do, that the reasonable and proper construction is that the presentment begins the prosecution and stops the running of the statute.

Without prolonging this opinion we conclude by saying that whatever may be the proper construction of statutes elsewhere upon this subject, our view is based upon the construction of our own statute, our Constitution, and the practice which prevails here in regard to trials on presentments.

We hold, therefore, first, that the presentment filed in this case and transcribed in the former part of this opinion is not valid; and secondly, that if it had been valid, having been filed within a year from the time the offence was committed, it would have been a commencement of the prosecution within the terms of sec. 10, Art 57 of the Code, and would, therefore, have stopped the running of the statute.

It follows that the *pro forma* ruling by which the demurrer was sustained must be affirmed, not, however, because the indictment, as contended, is the commencement of the prosecution and shows on its face that it is barred by limitations, but because the presentment, which is the first step in the prosecution is, in this case, invalid.

Waiving the question as to whether a motion to quash would not have been the more regular course to raise the question we have considered, the ruling of the Court below will be affirmed, and inasmuch as it appears by the record that the statute of limitations is a flat bar to a further prosecution, it would be useless to remand.

*Ruling affirmed.*