## JEROME OSBORNE *v.* STATE OF MARYLAND

[No. 149, September Term, 1967.]

58

*Decided April 29, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James W. Murphy* for appellant.

*Martin M. Mrozinski, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *John H. Lewin, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was charged in the Criminal Court of Baltimore under a five-count indictment with robbery, assault with intent to rob, common law assault, larceny, and receiving stolen goods. At the trial before the court sitting without a jury, the State produced two witnesses—the victim, Dallas Wyatt, and Ebie Sawyer, a self admitted participant in the crime. The victim testified that four colored boys came up behind him on the street, threw a coat over his head, hit him with a club, cut into his clothing, and removed his wallet containing $41.00. He was unable to identify any of the participants in the crime. Sawyer, the accomplice, testified that Jerome Hill and Michael Gray were also participants in the crime; that Hill and Gray each grabbed the victim's coat and threw it over his head; that he, Sawyer, struck the victim over the head; that Gray went through the victim's pockets, extracted his wallet, and handed it to appellant who was standing at the victim's side; and that they ran from the scene of the crime when the police appeared, at which time the appellant tossed the victim's wallet on the roof of a house. At the end of the State's case, the court granted the appellant's motion for judgment of acquittal on the counts charging assault with intent to rob, assault, and larceny, and thereafter entered a not guilty verdict on the robbery count. The court found appellant guilty as a receiver of stolen goods and sentenced him to three years imprisonment.

Appellant contends on this appeal that the State's evidence showed that he was a principal in the robbery and, accordingly,

the court erred in convicting him as a receiver of stolen goods. He relies upon the rule that one who is himself a principal thief cannot be found guilty of criminally receiving the thing stolen, for the reason that he cannot receive from himself.

Robbery is larceny from the person, accompanied by violence or putting in fear. *Harrison v. State,* 3 Md. App. 148. More specifically, to constitute robbery, the property must, as in larceny, be both taken and carried away, so that an asportation of the stolen property, as well as a trespass, would appear to be indispensable elements of the offense. To constitute an asportation, the robber, like the thief in larceny, must acquire complete control of the property at least for an instant, but the slightest asportation is sufficient to satisfy that element of the offense. *Clark and Marshall on Crimes* (6th Edition), §12.12; *Perkins on Criminal Law,* pp. 236-240. We think it clear beyond any question that, like the thief in a larceny, the principal in a robbery who actually takes and carries away the property from the victim cannot be convicted of the crime of receiving the property stolen. See 45 Am. Jur. *Receiving Stolen Property,* §10; *Clark and Marshall on Crimes,* §12.37; *Perkins on Criminal Law,* p. 275; Wharton's *Criminal Law and Procedure* (Anderson Edition), Vol. 2, §576. When one accused of receiving stolen property is a mere aider or abetter in the commission of the robbery, other than an accessory before or after the fact, the decisions are in conflict as to whether the circumstances can ever be such that he can be convicted of receiving the property stolen. The inquiry in such cases would appear to be whether the participation in the robbery by one accused of receiving the goods is of such character and extent as to make the receiving a part of the theft itself, or whether the receiving is, under the circumstances, so distinct as to constitute the separate offense of receiving stolen property. See the cases collected in the Annotation at 136 A.L.R. 1087, particularly at pp. 1093-1095 and 1101-1103. In this connection, it has been held, in larceny cases, that if the receiving takes place subsequent to and after the completion of the larceny, one who has participated in such crime as a confederate of the thief may nevertheless be convicted of receiving stolen property, but that the rule is otherwise if the receiving is embraced in the caption and as-

portation. See *Smith v. State,* 52 N. E. 826 (Ohio) ; *Adams v. State,* 53 So. 451 (Fla.). So, in *State v. Tindall,* 50 S. E. 2d 188 (S. C.) where it was urged, as it is here, that the State's testimony showed that the accused was guilty as a principal thief, and could not, therefore, be convicted of receiving the same goods, the relevant question was whether the evidence justified a finding that the accused was not a principal in the caption and asportation of the stolen property, but became a participant only after the larceny was consummated.

As heretofore indicated, the evidence before us shows that appellant, together with Sawyer, Hill, and Gray came up from behind the victim and that while the others physically pounced on the victim, appellant stood by the victim's side, did not touch him, but received his wallet after it had been taken from him, following which they all fled the scene. No other material evidence is contained in the record to shed further light on or provide additional insight into the commission of the crime. The fact that the four boys simultaneously approached the victim from the rear, that Sawyer, Hill, and Gray each executed a particular function directly in furtherance of the robbery, and that the asportation of the stolen property was an essential element of the offense, would strongly indicate that appellant's role was as a principal in the robbery.

There was, however, absolutely no corroboration of the testimony of the accomplice Sawyer which tended to show that the appellant was either identified with the perpetrators of the crime, or had participated in the commission of the crime itself, this being the test to determine the legal sufficiency of corroborative evidence. See *Boone v. State,* 3 Md. App. 11. Appellant could not, therefore, properly have been convicted as a principal in the robbery, and we surmise that this was the basis of the lower court's acquittal on the robbery charge.

While the rule is that a thief and a receiver are not accomplices, *Polansky v. State,* 205 Md. 362, and hence the testimony of Sawyer, the self admitted participant in the robbery, would not ordinarily have to be corroborated to convict appellant of receiving stolen goods, an exception to that rule is recognized when the thief and the receiver of stolen property conspire together, or enter into a pre-arranged plan, for one to steal and

deliver the property to the other; and pursuant to such plan, one does steal and deliver to the other. See *Keene v. State*, 2 Md. App. 325; *Hair v. State*, 294 P. 2d 846 (Okla.).

On the record before us, we think that, at the least, the evidence shows that there was a plan of concerted action whereby the accomplice, Gray and Hill would rob the victim and appellant would then and there receive his wallet. Under these circumstances—there being no legally sufficient evidence corroborative of Sawyer's testimony—appellant's conviction of the crime of receiving stolen property cannot stand.[1] We prefer to rest our decision on this basis, rather than to hold on a record as skimpy as the present one that the evidence showed that appellant was a principal in the robbery, and that his receiving of stolen property, under the circumstances, was not so distinct as to constitute the separate offense of receiving stolen property.

*Judgment reversed; case remanded for a new trial.*

1. That the victim testified that four colored boys were involved in the crime (none of whom he could identify) would not, as a matter of law, tend to show that appellant was either identified with the perpetrators of the crime or had participated in the crime itself, even though there was evidence that all the participants, including appellant, were in fact Negroes.