LEE ANDREW McMORRIS *v.* STATE OF MARYLAND

[No. 932, September Term, 1974.]

*Decided June 5, 1975.*

The cause was argued before POWERS, MENCHINE and DAVIDSON, JJ.

*Joseph C. Wich, Jr., Assigned Public Defender,* for appellant.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William E. Brannan, State's Attorney for Baltimore County,* and *John F. Hanson, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Lee Andrew McMorris was indicted on July 22, 1974 on three counts charging: (1) conspiracy on 23 January 1973 with Herman Green and Walter Smith to distribute heroin; (2) conspiracy on 23 January 1973 with Herman Green and Walter Smith to violate the controlled dangerous substance laws; and (3) distribution of heroin. Brought to trial under Count 2 and Count 3 in the Circuit Court for Baltimore County, McMorris was convicted by a jury as to both. He was given a general sentence of eight years imprisonment, consecutive with a sentence then being served for an unrelated offense.

On appeal he contends:

1. That the court's charge was erroneous;
2. That his trial counsel was incompetent;
3. That the court and jury were prejudiced against him;
4. That his sentence was cruel and unusual, and
5. That the trial court erred in rejecting his motion for judgment of acquittal, in that:
   (a) the evidence was not legally sufficient to convict for either offense, and
   (b) the prosecution for conspiracy was barred by the statute of limitations.

The first four contentions, wholly without merit, may be disposed of summarily. No exception to the court's charge was taken. The suggested error is not before us. Maryland Rule 1085. The suggested incompetency of trial counsel was not raised below. It thus is not an issue on direct appeal. *White v. State,* 17 Md. App. 58, 299 A. 2d 873. The suggested prejudice of court and jury is without factual support of record. The sentence imposed was well below the maximum authorized by law. There is nothing in the record to show that it was dictated by passion, prejudice, ill will or other unworthy motive. *Minor v. State,* 6 Md. App. 82, 91, 250 A. 2d 113, 118.

## Sufficiency of the Evidence

There was evidence tending to show the following:

On January 23, 1973, Officer Kenneth Redding, in an undercover assignment, was in a parked automobile with two other persons. The appellant approached the vehicle and asked "if they were looking," street terminology meaning, "are you looking for drugs." Receiving an affirmative answer, appellant then said: "I have a contact and *we'll see what we can do for you.*" (Emphasis supplied). Appellant thereupon called Herman Green to the car. Appellant there told Green that Officer Redding was "looking" for "smack" (Heroin). Appellant previously had informed Redding that the cost could be $12.00 per bag. Green thereupon gave instructions that the vehicle be driven to another location and the appellant entered the Redding vehicle for that movement. Green then talked to Walter Smith. Later, Green approached the Redding vehicle at its new location, collected $72.00 from Redding, and then walked over to and conversed with Smith. Smith thereupon approached the Redding vehicle and handed six glassine bags containing white powder to Redding. The white powder was shown to be heroin. The Redding vehicle then returned to its initial parking site, where the appellant alighted from the vehicle.

We defined the offense of conspiracy in *Wilson, Valentine and Nutter v. State,* 8 Md. App. 653, 671, 262 A. 2d 91, 101, as follows:

"* * * Conspiracy is a combination by two or more persons to accomplish a criminal or unlawful act, or to do a lawful act by criminal or unlawful means."

We pointed out in *Silbert v. State,* 12 Md. App. 516, 528, 280 A. 2d 55, 63:

"* * * it is not necessary that there be any formal agreement manifested by formal words, written or spoken; it is enough if the parties tacitly come to an understanding in regard to the unlawful purpose

and this may be inferred from sufficiently significant circumstances."

The evidence, summarized above, was legally sufficient to prove the conspiracy of the accused with Green and Smith beyond a reasonable doubt.

The evidence showed as well that heroin was in fact distributed. Although appellant was not shown to have been in actual possession of the drug, he was an aider and abettor in its distribution and thus responsible as a principal in the second degree. *Handy v. State,* 23 Md. App. 239, 326 A. 2d 189. A criminal conspiracy is distinct from the substantive crime and when the latter actually is carried out, separate offenses are shown. *Jones v. State,* 8 Md. App. 370, 259 A. 2d 807.

### *Limitations*

Undisputed in the record are the facts: (a) that the conspiracy began and ended on *January 23, 1973,* and (b) that appellant was indicted for conspiracy on *July 22, 1974.* Appellant contends that the statute of limitations was a bar to his conviction and that his motion for a judgment of acquittal should have been granted upon that ground.

It was early held that the crime of conspiracy was a misdemeanor subject to the statute of limitations. *Archer v. State,* 145 Md. 128, 125 A. 744. Its status as such a misdemeanor was held not to be affected by passage of Article 27, § 38, whereby the permissible sentence for conspiracy had been made coequal with punishment for the offense one conspired to commit. *State v. Michael,* 2 Md. App. 750, 237 A. 2d 782.

The statute of limitations in effect on the date of the conspiracy (January 23, 1973) was Article 57, § 11 of the Annotated Code of Maryland (1972 Replacement Volume) and reads, in appropriate part, as follows:

"No prosecution or suit shall be commenced for any fine, penalty or forfeiture, or any misdemeanor, except those punished by

confinement in the penitentiary, unless within one year from the time of the offense committed; * * *"

The statute in effect on the date of the indictment (July 22, 1974) appears in Courts & Judicial Proceedings Article § 5-106 and reads, in appropriate part, as follows:

"§ 5-106. Prosecution for misdemeanor.

(a) One Year. — Except as provided by this section, a prosecution for a misdemeanor not made punishable by confinement in the penitentiary by statute shall be instituted within one year after the offense was committed." [1]

We perceive no legislative intent to change the effect and meaning of the statute of limitations in the recodification. Thus the decisions in *Archer* and *State v. Michael,* both *supra,* continue viable, so that prosecution for conspiracy will be barred unless commenced or instituted within one year from the date of the end of the conspiracy. *Mills v. State,* 12 Md. App. 449, 461, 279 A.2d 473, 481-82, certiorari denied 92 S. Ct. 2411, 406 U. S. 967, 32 L.Ed.2d 666.

Appellant contends that because the conspiracy began and ended on January 23, 1973 and McMorris was not indicted until July 22, 1974, eighteen months later, his prosecution was barred by the statute. We hold that under the facts of this case, the contention is without merit.

The record shows that an arrest warrant was issued out of the District Court of Maryland for Baltimore County by a judicial officer on August 21, 1973—within a year of the offense.[2] The record also shows that immediate efforts to

---

1. The Revisor's Note states: "Subsections (a) and (b) are new language derived from Article 57, § 11. This section applies to all misdemeanors, including common law misdemeanors but excluding misdemeanors made punishable by imprisonment in the penitentiary by statute."

2. The warrant conformed fully to the pertinent requirements of Maryland District Rule 706 a, b, c, and e.

"RULE 706. CHARGING DOCUMENT.·

a. APPLICATION FOR WARRANT OR SUMMONS.

An application for an arrest warrant or summons to a defendant

serve the warrant and effect the arrest of McMorris were ineffectual. The warrant then was delivered to the fugitive squad of Baltimore County Police Department but was not actually served by Detective Sergeant Gomeringer until

---

shall be made in writing, signed by the applicant upon oath before a judicial officer.

b. INQUIRY BY JUDICIAL OFFICER.

At the time an application is made for an arrest warrant or summons, the judicial officer may make inquiry concerning the defendant's residence, employment, family relationships, past history of response to legal process, and past criminal record.

c. ISSUANCE.

1. Warrant.

Except where a judicial officer is required or permitted to issue a summons, an arrest warrant shall be issued if it appears to the issuing officer upon application pursuant to section a of this Rule that there is probable cause to believe that a crime has been committed and that the defendant has committed it. Before issuing a warrant, the judicial officer may seek the advice of the State's Attorney with respect to the offense charged. A warrant may issue to any officer authorized by law to execute it.

\* \* \*

e. CONTENTS OF CHARGING DOCUMENTS.

An arrest warrant shall command that the defendant be arrested and brought before a judicial officer. A summons shall (i) command a defendant to appear in court at a stated time and place, (ii) inform him that upon his failure so to appear a warrant for his arrest shall issue, and (iii) contain a statement of his promise to appear at the time and place specified and a space for his signature to such promise. A warrant, summons and statement of charges shall also contain:

(1) the name of the defendant, or, if his name is unknown, any name or description by which he can be identified with reasonable certainty; and

(2) a plain, concise and definite statement of essential facts constituting each offense charged, and each formal charge placed against the defendant; and

(3) the identity of the person upon whose application the charging document has been issued; and

(4) the date, time and place of execution or service, when such has been made; and

(5) the signatures of the officers issuing and executing the warrant or serving the summons, or the officer preparing the statement of charges; \* \* \*"

June 14, 1974. As previously noted, McMorris was indicted on July 22, 1974.

In Wharton, *Criminal Law and Procedure* (Anderson, 1957) § 184, it is said at 425-26:

> "Statutes of limitation are suspended when proceedings are begun or brought against the defendant, but the statutes differ as to what action is to be taken against the defendant. The statutes may be classified in three groups: (1) statutes which provide that an indictment must be found and returned within a specified time after the commission of the offense charged; *(2) statutes which do not refer to the time of the finding of an indictment or the filing of information, but merely provide that prosecutions must be commenced within a specified time;* and (3) statutes which provide that if an indictment is quashed, set aside, dismissed, or otherwise fails, and a new indictment is found or a new information is filed, the time elapsing between the return or filing of the two indictments or informations, respectively, shall not be counted as part of the period of limitations; or that a new indictment may be found and returned or a new information filed within a specified time after the first indictment or information is quashed, or otherwise disposed of.
>
> "Under statutes which merely require an indictment or information to be found or filed within a specified time after the commission of an offense, the finding of an indictment and its return by the grand jury or the filing of an information within the specified time prevents a bar of the prosecution. Sometimes the first step taken against the defendant is a preliminary proceeding, and when such is the case the prosecution is commenced, within the scope of a class (2) statute, at the time a complaint is laid before a magistrate and a warrant of arrest issued, if the defendant is

not already in custody. On the other hand, action by the grand jury or the filing of an information is sometimes the first step in a criminal case, and in that event the prosecution is commenced by the finding and return of the indictment, or the filing of the information, and the running of the statute is thereby stopped." (Italics supplied).

In 21 Am.Jur.2d *Criminal Law,* § 161 (1965), the general rule governing the tolling of the statute of limitations is thus stated:

"§ 161. *Generally.*

The statute of limitations runs from the time the offense is committed until the prosecution is commenced, unless some intervening act occurs to interrupt it. If the finding of an indictment or the filing of an information is the first step in a criminal case, the prosecution is commenced by the finding and return of the indictment or the filing of the information, and the running of the statute is thereby stopped. *But when, as is usually the case, there are preliminary proceedings, the prosecution is commenced and the statute is tolled, at the time a complaint is laid before a magistrate and a warrant of arrest is issued;* * * *" (Italics supplied).

The decided cases clearly justify the texts. In *State v. Emanuel,* 153 So. 2d 839 (D. Ct. of App. of Fla., 2d Dist. 1963), the Court held that the filing of a warrant, sufficient for arrest purposes when placed in the hands of a proper officer for service, commenced the State's prosecution of a crime and tolled the statute of limitations. See also: *State v. Hickman,* 189 So. 2d 254 (D. Ct. of App. of Fla., 2d Dist. 1966), cert. den. S. Ct. Fla. 194 So. 2d 618.

In *State v. Hemminger,* 502 P.2d 791 (S. Ct. Kan. 1972) it was said at 795: "This Court has repeatedly said that a prosecution is commenced by the filing of a *verified* complaint and the issuance of a warrant *in good faith.* The

commencement of the prosecution, as that phrase is used in K.S.A. 62-503, does not depend upon the warrant being served."

To the same effect is: *Jarrett v. State*, 292 P. 888 (Crim. Ct. of App. of Okla. 1930).

The Maryland statute clearly falls within the class 2 genre used in Wharton, *supra*. The precise question here in issue has not been the subject of appellate consideration in Maryland. There have been decisions, however, persuasive to a conclusion that under the wording of the present and prior Maryland statutes, the obtention of a valid warrant will toll the statute.

It is plain that an *indictment* is *not necessarily* the action required to toll the statute. In *State v. Kiefer*, 90 Md. 165, 44 A. 1043, wherein the indictment had been found *more* than one year after the date of the misdemeanor but presentment had been filed *within* a year, the prosecution was held to be timely commenced. Judge Fowler, speaking for the Court, after analogizing the criminal with the civil aspects of the statute of limitations, said at 174-75 [1044-45]:

> "* * * it would seem to be clear that the commencement of such a [civil] suit must be the time when it is docketed whether the summons be issued or not. *Banks v. Lyles*, 10 G. & J. 326; *Logan v. State*, 39 Md. 177. We see neither objection to, nor difficulty in applying the same rule to both classes of proceedings mentioned in sec. 10 [11], namely, that *the first act which clearly indicates an intention to proceed, if it be made public and a matter of record in the proper Court*, shall be held to be the commencement of the prosecution or of the suit as the case may be." (Emphasis added).

Although the Court restricted its holding to the filing of a *presentment* — the sole requisite to its decision — the language used strongly indicates that Maryland would follow the Wharton rule, *supra*.

Again in *Hahn v. State*, 188 Md. 166, 52 A. 2d 113, the

appellant was indicted for bastardy more than 3½ years after the child's birth. No money ever had been paid for the child's support. The statute of limitations for the offense then was two years. The record showed that an arrest warrant had been issued within one year after the child's birth, but because the accused was in the armed forces outside the State it had not been served. Although the appellant won a reversal of his conviction and sentence upon the technical ground that issuance of the warrant had not been proved by competent evidence, a new trial was awarded to allow the State to attempt to supply the evidentiary deficit and thus to demonstrate that the prosecution had been commenced within the period of the statute of limitations. It is true that the bastardy statute in express terms provided that proceedings might be started before a Justice of the Peace upon the written oath of the woman but such procedure is quite like the present method for initiation of most criminal proceedings — namely, the issuance of a charging document by the District Court, now a court of record.

We hold that issuance of the arrest warrant by the District Court tolled the statute of limitations. The prosecution of McMorris was timely.

*Judgments affirmed.*