ROMAN PEDZICH AND ANTHONY ROBERT PEDZICH
*v.* STATE OF MARYLAND

[No. 156, September Term, 1976.]

*Decided November 9, 1976.*

621

The cause was argued before MENCHINE, MOORE and LISS, JJ.

*Barry T. Canaras*, with whom was *Melvin J. Kodenski* on the brief, for appellants.

*Bernard A. Raum, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City*, and *James Salkin, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

The appellant, Roman Pedzich, was charged in the District Court of Maryland for Baltimore City with the larceny of eighteen men's shirts valued at $10 each, and that he "did wear, carry or knowingly transport a loaded shot-gun in a vehicle traveling on a public road or highway or any road or parking lot generally used by the public of the city of Balto, state of Md. on 10 Nov. 75" (as in the original).

The appellant, Anthony Pedzich, was charged in

substantially the same language with the deadly weapon violation only.

Both appellants prayed a jury trial and the cases were transferred to the Criminal Court of Baltimore.

By a plea bargain agreement, the State stipulated that the value of the goods was under $100, thus reducing the charge from grand larceny to petit larceny. The larceny and deadly weapon cases were submitted on statements of fact. There is no complaint as to the accuracy of the facts as stated to the Court.

The trial court entered a judgment of guilty of larceny under $100 against Roman Pedzich, and judgments of guilty of the deadly weapon charges against both Pedzichs. It is from these judgments that this appeal was taken. New counsel entered their appearance on the appeal and they have raised three issues to be determined.

Roman Pedzich initially urges that the evidence submitted to the trial court by the statement of facts was insufficient to support the verdict of guilty of larceny returned against him. The facts offered to the trial court in support of the larceny charge stated that two police officers were called in the early morning hours to the eastern area of the City where they were advised by eyewitnesses that two white men had parked a vehicle in the vicinity and had disappeared in the direction of the railroad tracks located in the neighborhood. Upon investigation the officers saw appellant and a companion near a van owned by Allegheny Freight Lines. As soon as appellant and the other man saw the police officers approaching, they ran—the police in pursuit. Immediately after being apprehended by one of the officers, Roman Pedzich said, "I know you, you got me." The State in the statement of facts further advised the trial court that a representative of the freight line would testify that when he left the van at the end of the preceding day, the van and the boxes in it were secure. It was stipulated that the boxes contained men's shirts; the value of the goods totalling $99. The State offered, without objection, three photographs of the van showing a number of shirt boxes, one of which had been partially torn open. It was stipulated that

when the appellant and his companion were arrested, they did not have any stolen goods in their possession.

This Court in *Metz v. State,* 9 Md. App. 15, 23, 262 A. 2d 331, 335 (1970), said that the test as to the sufficiency of the evidence may be stated as follows:

> "To be sufficient in law to justify a conviction, the admissible evidence adduced must show directly, or circumstantially, or support a rational inference of, the facts to be proved from which the trier of fact could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged."

Appellant also urges that the State's case was deficient in that it failed to prove the asportation of the goods allegedly stolen. This Court said in *Wiggins v. State,* 8 Md. App. 598, 603-04, 261 A. 2d 503, 506 (1970), that one of the elements in larceny is the asportation of the property stolen and that it is not necessary that the property be carried any particular distance or that the thief retain possession and control for any particular length of time. Quoting from *Clark & Marshall, Law of Crimes,* 6th Ed., § 12.05, p. 738, we said:

> "The slightest asportation is sufficient. The trespasser must acquire complete control over the property, but the slightest entire removal of it from the place it occupies, and a temporary control of it, even for a moment is enough. It has been said that removal to the distance of 'a hair's breadth' is sufficient."

*See Osborne v. State,* 4 Md. App. 57, 241 A. 2d 171 (1968). The dominion and control exercised by the alleged thieves for the period of time required to open the box of shirts was sufficient to establish the asportation of the goods. Our examination of the record as well as the photographs admitted into evidence convinces us that the evidence was sufficient to support the trial court's verdict and we shall affirm.

As a second ground for the reversal of his conviction of

larceny, Roman Pedzich urges that he did not intelligently and understandingly waive his rights of confrontation and cross-examination. No such contention was raised in the trial court, and we decline to consider this issue raised here for the first time. Maryland Rule 1085; *McMorris v. State*, 26 Md. App. 660, 338 A. 2d 912 (1975); *Hartsock v. Strong*, 21 Md. App. 110, 318 A. 2d 237 (1974).

Appellants contend that the judgments entered against them in the "deadly weapon" cases should be reversed because the charging documents were insufficient to charge an offense under the criminal laws of the State. Counsel for the State concedes that this is correct, and as our independent review of the record leads to this same conclusion, we shall reverse. The charge as set out earlier in this opinion seems to be an unacceptable hybrid created from an amalgam of the separate crimes defined by Maryland Code, Article 27, §§ 36 (a) and 36B (b). Article 27, § 36 (a) proscribes the carrying of a dangerous or deadly weapon either concealed or openly with intent to injure any person in an unlawful manner. Article 27, § 36B (b) is the handgun statute which prohibits the transportation, wearing or carrying of a handgun whether concealed or openly. In this case the charge did not specify whether the shotgun was carried openly with intent to injure, nor did it specify whether the shotgun was sawed off and could thereby fall within the handgun statute. The contention made by appellants in this Court was not raised before the trial court, and under Rule 1085 would not usually be available to them for the first time on appeal. Rule 1085, however, expressly provides that ". . . a question as to the jurisdiction of the lower court may be raised and decided in this Court whether or not raised and decided in the lower court." In *Baker v. State*, 6 Md. App. 148, 151, 250 A. 2d 677, 680 (1969), this Court said:

> "We do not think that a court exercising criminal jurisdiction has the power, in a jury trial, to allow a case to go to the jury, or in a court trial to make a finding of guilt, or in either case to impose

sentence, under an indictment which charges no offense."

The minimum requirement is that the indictment should allege every substantial element of the offense with reasonable particularity of time, place and circumstance so that the defendant may be fully informed of the offense charged and the Court able to determine the statute on which the charge is founded. *State v. Fearing,* 30 Md. App. 134, 351 A. 2d 896 (1976).

We are aware that the charging document in this case was prepared in the somewhat less formal atmosphere which exists in the District Court. There is still, however, a duty on the State's attorney to see that the charge is properly placed and that the charging document meets the requirements of the law. A failure of the charging document to charge an offense, whether in the District Court or upon transfer to the Circuit Court, raises an issue of jurisdiction. Even a plea of guilty constitutionally accepted does not waive a jurisdictional defect. *Wheeler v. State,* 10 Md. App. 624, 272 A. 2d 96 (1971).

The appellants cannot again be tried under this charging document and our mandate may not direct a new trial. However, the appellants, not having been placed in jeopardy heretofore, may be tried under such new charges as may be placed against them.

> *Judgment as to Roman Pedzich (Case No. 47601231, larceny) affirmed; judgments as to Anthony Robert Pedzich and Roman Pedzich (Case Nos. 47601230 & 35, deadly weapon) reversed.*
>
> *Costs to be divided between Roman Pedzich and Mayor and City Council of Baltimore.*