The facts are stated in the opinion.
Opinion of the court by
This was an original proceeding in habeas *Page 5 corpus instituted in this court for the release of G. H. Lacey, who is held upon a commitment issued by a United States commissioner, charging the petitioner with the crime of perjury. From the petition and return it appears that on May 18, 1891, the petitioner made an affidavit before the United States land office at Oklahoma City in corroboration of a contest affidavit filed in the said office; that on May 10, 1894, he was arrested, charged with the crime of perjury committed in the corroborating affidavit above referred to. It is alleged in the petition for the writ of habeas corpus that the restraint is illegal, for the reason that under the statute of limitation he cannot be prosecuted or convicted for the offense charged. Section 1044, of the United States statutes, reads as follows:
"No person shall be prosecuted, tried or punished for any offense, not capital, except as provided in section one thousand and forty-six, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed."
The crime charged against the petitioner is alleged to have been committed more than three years prior to the date upon which he filed his application for release, but within three years of the time the proceedings were instituted before the United States commissioner. It is contended by petitioner that, inasmuch as no indictment was found within three years, he cannot be prosecuted, and upon the other hand it is urged that, bringing proceedings before the commissioner is sufficient under the statute. The decision must turn upon the construction of that portion of the section of the statute which reads "or *Page 6 
the information is instituted," and if it shall be found that such language refers to the filing of a complaint in a commissioner's court, then the petitioner must be remanded; otherwise released.
It is now well settled that, in the courts of the United States, persons charged with offenses not infamous, may be prosecuted upon information and it has been repeatedly held that under the Fifth amendment to the constitution of the United States, no person can be prosecuted for an infamous crime unless on a presentment or indictment of a grand jury. (Ex parte Wilson, 114, U.S. 417; Mackin, et al. v. UnitedStates, 117, U.S. 348.)
It is our opinion that congress, at the time of the enactment of the statute of limitation, had in mind the prosecution of offenses both by indictment and upon information, and that the language referring to informations relates only to that class of cases which may be prosecuted by information. We must presume that congress, at the time of the passage of the act, intended to cover all classes of prosecutions, and also intended to fix with certainty the time at which the limitation should operate in favor of a person accused.
Had that body intended that a complaint, charging a person with an infamous crime, filed before a commissioner should stay the statute of limitation, they would have so stated.
Inasmuch as the crime for which the petitioner is held is infamous, and no indictment can be found against him within three years next after the offense was committed, the petitioner is released.
All the Justices concurring. *Page 7