## THE STATE vs. JAMES F. SMITH.

Third Judicial District, Bridgeport, October Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The trial court in a criminal case, where no requests were made by the
prisoner, charged the jury that it was incumbent upon the State to
satisfy them beyond a reasonable doubt of the guilt of the accused;
but omitted to say that the accused was presumed to be innocent until
proven guilty, and omitted also to define "reasonable doubt." *Held*
that the defendant had no just ground for complaint.

The presumption of innocence casts the burden of proving guilt upon the
State, but it does no more. While it calls for evidence from the State,
it is not itself evidence for the accused.

Having given its opinion to the jury upon all questions of law arising upon
the trial, a court may with great propriety, in many cases, repeat,
without argument, the legitimate claims of both parties as to the facts
established by them respectively, and the law applicable to such claims
if found true by the jury.

[Submitted on briefs October 24th—decided December 1st, 1894.]

INFORMATION for robbery tried to the jury in the Superior Court for New Haven County, before *Robinson, J.*; verdict and judgment of guilty, and appeal by the accused for alleged errors in the charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*Levi N. Blydenburgh*, for the appellant (accused).

*Tilton E. Doolittle*, State's Attorney, for the State.

FENN, J. The appellant, at the April criminal term, 1894, of the Superior Court, in New Haven County, was convicted of the crime of robbery. No exceptions to rulings upon evidence were taken upon the trial, and no requests to charge the jury were made by the accused. In the reasons of appeal it is asserted that the court erred in failing to give such instructions to the jury, in reference to reasonable doubt, and the presumption of innocence in favor of the accused, as the law requires, in the absence of requests, because they are

principles not based upon the special case, but applicable to all criminal causes.

By reference to the charge it appears that the court, after stating the claims of both sides, in conclusion, said: "Now, gentlemen, all the evidence is before you, and it is for you to determine the facts. It is for you to say where the truth lies. It is for the State to satisfy you beyond a reasonable doubt of the guilt of this defendant. It is for you to say whether the State has done that, and if, after a careful examination of all the evidence, you are satisfied by it beyond a reasonable doubt that this defendant is guilty of the offense with which he stands charged, it will be your duty to return a verdict of guilty; but if, after a careful examination and consideration of all the evidence, you are not satisfied by it beyond a reasonable doubt that this defendant is guilty as charged in this information, it will be your duty to return a verdict of not guilty."

This language, at first view, would seem to leave no ground of complaint to the appellant. He however does complain first, that the court omitted to say "that the accused was presumed to be innocent until he was proven guilty, and that that presumption of innocence continues and was entitled to weight until the evidence offered by the State had overborne that presumption, and proved the accused guilty beyond a reasonable doubt;" and second, that the court failed "to charge the jury upon the question of what a reasonable doubt is, and left the jury without instructions upon that question."

We do not think these assignments of error well grounded. The statement so often made in reference to the legal presumption of innocence in favor of every person accused of crime, is but a form—sometimes perhaps a misleading one—of stating, concerning criminal cases, a general positive rule of law, based on expediency as well as justice, which regulates the introduction of evidence in all cases, whether civil or criminal, namely: That "whoever desires any court to give judgment as to any legal right or liability dependent on the existence or non-existence of facts which he asserts or denies

to exist, must prove that those facts do or do not exist."
Stephen's Evidence, Art. 93; Greenleaf's Evidence, 14th
Ed., § 34, and note *a*.   Therefore if the State desires a court
to pronounce a person liable to a certain punishment, it
must give evidence to prove the facts constituting his guilt.
Stephen's Evidence, Art. 94.   In regard to the weight and
sufficiency of such evidence, it has further and wisely been
established that it must be sufficient to overcome and satisfy
all reasonable doubt.   Even if this last requirement were
based upon any natural presumption—that is to say proba-
bility of innocence—it would necessarily, if fulfilled, over-
come the presumption, and also proof of good character, if
affirmatively shown in behalf of the accused; for he who
by the evidence is proved beyond a reasonable doubt to be
guilty of a crime, is necessarily shown to be so, no matter
how improbable it might have seemed at the outset of the
trial, or at any later stage, that he should have committed
such an offense.   " Presumption of innocence " casts the
burden of proving guilt upon the State, a burden requiring
for its discharge sufficient evidence to remove all reasonable
doubt.   It cannot add an additional burden to this.   Its func-
tion is exhausted in putting such burden of proof on the
State.   It had no weight as evidence in the trial.   It calls
for evidence from the State, but is not itself evidence for
the accused.

But it is further said that the court should have defined
the expression " reasonable doubt " to the jury.   We do not
think it is customary for courts to undertake such a task.
*Miles* v. *U. S.*, 103 U. S., 304; *Commonwealth* v. *Costley*,
118 Mass., 1; *Commonwealth* v. *Tuttle*, 12 Cush., 502; *Com-
monwealth* v. *Cobb*, 14 Gray, 57.   The reason why courts
are generally disinclined to enter into an explanation of the
term is, that while the expression is itself well calculated to
convey to the jurors a correct idea of what is expected of
them, any effort at further elucidation tends to misleading
refinements.   To attempt to give a specific meaning to the
word " reasonable " would be " trying to count what is not
number and to measure what is not space." Stephen's Gen-

eral View Criminal Law, p. 62. See also *State* v. *James*, 37 Conn., 361.

The appellant further insists that the court erred in "adopting the practice" of stating the claims made, which, it is asserted, is "vicious and liable to mislead." We think there is no merit in this criticism. It is not, and presumably could not be, said that the court stated any claim as having been made by the State that was not made, or omitted to refer, with equal fairness and fullness, to every claim made in behalf of the accused. It was further left to the jury, for them "only to decide" whether such claims were based upon truth, and proper to be made. In many cases, including that before us, we can conceive of no better way in which the court, having stated its opinion to the jury upon all questions of law arising upon the trial, could discharge its remaining duty of submitting "to their consideration both the law and the facts without any direction how to find their verdict," than by repeating, but without argument, the legitimate claims of both parties, based upon what such parties, on the evidence offered and received, respectively claimed the facts to be, and upon the law properly applicable to such claimed facts; thus setting before the jury in the plainest and most natural manner, and the one least liable to misapprehension, the matters pertinent to a proper examination and determination of the case, and to a just verdict.

There is no error in the judgment complained of.

In this opinion the other judges concurred.