# Clayton *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Criminal proceedure; issuance of alias warrant.*—Where an original affidavit and warrant commencing a prosecution has been lost, and cannot be found after diligent search, the officer who issued the original warrant and before whom the affidavit was made, has authority and power to issue an *alias* warrant.

2. *Same; limitation of prosecution.*—Under the statute, (Cr. Code, § 5074), the issuance of a warrant of arrest upon the making of an affidavit before a justice of the peace, is the commencement of a prosecution; and, therefore, where within three months after the commission of a felony, an affidavit is made before a justice of the peace charging the commission of the offense, and upon this affidavit a warrant is issued, but is not served on account of the flight of the accused, the running of the statute of limitations is suspended by the issuance of said warrant; and where, before the expiration of three years from the commission of the offense an *alias* warrant—the original having been lost—is issued by the same officer, under which the accused is arrested upon the date of its issuance, there is no bar of the prosecution by the statute of limitations; and the fact that an indictment against the accused was not preferred until after the lapse of three years from the commission of the offense, is immaterial as to the bar of the statute of limitations.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant, Elbert Clayton, was indicted, tried and convicted for an assault with intent to murder; and was sentenced to the penitentiary for twenty years.

On the trial of the cause, evidence was introduced tending to show that the defendant was guilty of the offense charged.

The facts disclosed by the record as to the commencement of the prosecution are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury several written charges, which presented the question of the bar of the statute of limitations, instructing the jury that if they believe the evidence the prosecution in said cause was not commenced within three years, and that they must find the defendant not guilty. The court refused to give each of these charges, and to the refusal to give each of them, the defendant separately excepted.

D. B. ANDERSON, for appellant.—Section 5074 of the Cr. Code of 1896, contemplates that there must be some connection between the prosecution before the justice of the peace and the one in the court preferring the indictment, before the issuance of the warrant can suspend the running of the statute of limitations. One legal proceeding can, in no sense be said to be the commencement of another, when the two are so far separate and distinct as to be entirely without continuity or connection.— *Martin v. State,* 79 Ala. 268.

The issue of a warrant without oath or affirmation is forbidden by the constitution.—*Williams v. State,* 44 Ala. 41; *Hood v. State,* 44 Ala. 85.

A criminal prosecution, as well as a civil suit, may be discontinued by the act of the State or of the court. A discontinuance is defined to be a gap or chasm in the proceeding occurring while the suit is pending.—*Ex parte Hall,* 47 Ala. 675; *Drinkard v. State,* 20 Ala. 9; *Ex parte Rivers,* 40 Ala. 712. The result of this case depends upon the strict legal interpretation of this portion of the statute. Under void proceedings there is no binding over, and therefore the principles declared in *Dean v. State,* 100 Ala. 102, cannot be so twisted in its meaning as to apply to this case.

CHAS. G. BROWN, Attorney-General, for the State. The justice of the peace had jurisdiction to take the complaint or affidavit and to issue warrant of arrest and to hold the preliminary examination to ascertain the probable guilt of the defendant of the felony charged. See sections 5204-5208, inclusive, and sections 5228-5238, inclusive of the Criminal Code of 1896.

[Clayton v. The State.]

The issue of the alias warrant was not void, and in our judgment not even voidable on timely objection by defendant; and that there was unquestionably a proper and binding connection between the prosecution before the committing justice and the one in the criminal court, and that the indictment was a continuance of the prosecution commenced, or originated, before the justice, and that the same were not without continuity or connection. *Foster v. State,* 38 Ala. 428; *Ross v. State,* 55 Ala. 177.

The defendant could have been arrested without any warrant in the hands of the officer arresting and brought before the magistrate and tried for the offense charged in the original affidavit, or complaint, made by the person assaulted within four months after the commission of the crime.—*Ex parte Thomas,* 100 Ala. 101.

DOWDELL, J.—As stated by council, the only question presented in the record is, whether the prosecution was barred by the statute of limitations. The offense charged—assault with intent to murder—is a felony, and under the statute the prosecution is barred unless commenced within three years next after the commission of the offense. In this case the offense was shown to have been committed on the 24th day of December, 1895. The record states that a warrant was issued by one Martin, a justice of the peace, on the affidavit of William G. Oliver, the assaulted party, about three months after the commission of the alleged offense; that said warrant was placed in the hands of the constable, but the defendant was never arrested under that warrant, having fled the country; that on the 16th day of December, 1898, the same justice of the peace, Martin, learning that defendant had returned to Jefferson county, issued an alias warrant without any further affidavit; that this warrant was placed in the hands of the constable, and the defendant, on the said 16th day of December, the day of its issuance, was arrested and had his preliminary trial and was bound over to the grand jury about the middle of January, 1899. The indictment was found on the first day of February, 1899. It is obvious, therefore, that the bar was complete by reason of the lapse of more

than three years since the commission of the offense to the finding of the indictment, unless the proceedings had before the justice operated to suspend the statute and take the prosecution out of the bar.

Section 5074 of the Criminal Code provides: "A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant, or by binding over the offender." No question is raised as to the fact of the issuance of the warrant within the time stated above, but it is objected by the defendant that there was no authority of law for the issuance of the alias warrant upon which he was arrested. The evidence showed that the original affidavit and warrant had been lost and could not be found after diligent search. Under these facts, we have no doubt of the authority and power of the officer who issued the original warrant, and before whom the affidavit was made, to issue the alias warrant as was done in this case. The contention of the defendant that a gap or chasm had been created in the prosecution, we think is untenable. There is no provision or requirement in the statute, in proceedings of this character, for preserving a continuation of a prosecution thus begun, by a return of the writ and a re-issuance of alias writs at stated periods. The execution of the original warrant was prevented by the flight of the defendant. The running of the statute was suspended by the issuance of the original warrant. The defendant was indicted for the identical offense for which the warrant was sworn out, and we think there can be no doubt, under the facts as stated in the record, that the continuity of the prosecution so begun was preserved, and no gap or chasm was thereby created. The several written charges requested by the defendant which presented this question, that is, of the bar of the statute of limitations, were properly refused.

The judgment of the circuit court must be affirmed.