# Roland *v.* The State.

*Selling Liquor Without License.*

(Decided June 30th, 1906. 41 So. Rep. 963.)

1. *Criminal Law; Affidavit; Wrongful Sale of Liquor.*—Under 'the provisions of Section 3, of Acts of 1896-7, p. 124, the clerk of the circuit court, who is ex-officio clerk of the county court of Shelby county, has authority to take affidavit as the basis for a warrant in a prosecution for violation of the liquor laws.
2. *Same; Lost Affidavit; Substitution.*—The county court has power to substitute an affidavit which has been lost, and on which a prosecution for the illegal sale of liquor was based.
3. *Same; Trial; Warrant.*—The fact that several terms of the court had elapsed since the issuance of the warrant, and that the warrant was functus officio, did not affect the court's power to try the defendant where the defendant was properly before the court.

APPEAL from Shelby County Court.

Heard before HON. A. P. LONGSHORE.

The defendant was convicted of selling liquor without license. The facts sufficiently appear in the opinion of the court.

MCMILLAN & HAYES, for appellant.—In support of the position taken that the court was without authority to substitute an affidavit for the lost affidavit, we cite the following cases.—*Ganaway v. State,* 22 Ala. 773; *Bradford v. State,* 54 Ala. 230; § 4919-4392, code 1896; § 4920, code 1896. The warrant was functus officio.

MASSEY WILSON, Attorney General, and J. T. LEEPER, County Solicitor, for State.—The court had authority to substitute the lost affidavit.—*Bradford v. State,* 54 Ala. 230; *Ward v. State,* 78 Ala. 455.

DENSON, J.—This prosecution was commenced in the county court of Shelby county by affidavit made by Dave Harper before J. P. Pearson, clerk of the circuit court, and ex-officio clerk of the county court of Shelby county in which the defendant was charged with the offense of selling vinous, spirituous, or malt liquors without a license and contrary to law. The authority of the clerk to take the affidavit exists under the third section of the act to regulate the trial of misdemeanors in Shelby county, approved December 9, 1896, Acts 1896-97. p. 124. The case was tried before the judge without a jury, and the appeal is prosecuted from the judgment of the court convicting the defendant.—Acts 1896-97, p. 123.

At the trial, and when the case was called, the solicitor made known to the court that the affidavit was lost, and motion to substitute a copy of the affidavit for the original was granted by the court. To the motion to substitute a demurrer was overruled. The demurrer proceeds upon the theory that the court was without authority to substitute a lost affidavit in a criminal case. It was held in *Ganaway's Case* by a divided court that a lost indictment could not be substituted. The court there recognized the right inherent in the court to substitute any part of the record which has been lost or destroyed in civil cases, but held that the rule did not apply to indictments. The conclusion there reached was based principally upon the proposition that the statutes of jeofails and amendments, which, in general terms, authorize corrections and amendments in process and pleadings, did not apply to indictments.—*Ganaway's Case,* 22 Ala. 772. That case was tried at the February term, 1852, of the city court of Mobile, and presumably before the adoption of the code of 1852, as no notice was taken in the opinion of the court of the statute providing for the substitution of lost indictments which is section 3527 of the code of 1852, and section 4919 of the code of 1896.—*Bradford's Case,* 54 Ala. 230.

[Roland v. The State.]

The contention of the defendant, appellant here, is that the statute with respect to the substitution of a lost indictment has no application to affidavits, and this contention may be conceded on the maxim, "inclusio unius est exclusio alterius." But this court has expressly held that an affidavit upon which a criminal prosecution is based, like an information at common law, is amendable at the instance of the state, and without the consent, or even against the objection of the defendant.—*Simpson's Case,* 111 Ala. 6, 20 South. 572; *Gandy's Case,* 81 Ala. 68, 1 South. 35. So it would seem, that the theory upon which the majority opinion in the *Ganaway Case* proceeded does not obtain in the case at bar. We are satisfied that it is within the inherent power of the county court to allow the substitution of a lost affidavit, and that there is no error in the action of the court in substituting the affidavit in this case.—*Bradford's Case,* 54 Ala. 230. It can make no difference, so far as the trial is concerned, whether the warrant was functus officio or not, the purpose of issuing the warrant was to get the defendant before the court, he was present, and the trial could properly proceed without regard to the fact that several terms of the court had elapsed since the issuance of the warrant. The affidavit was the paper upon which the trial was had, it was that which afforded the defendant information as to the charge made against him. There is no merit in the insistence that the court erred in denying the motion to quash the warrant.—*Murphy's Case,* 55 Ala. 252; *Clayton's Case,* 122 Ala. 91, 26 South. 118.

The witnesses were examined ore tenus, and we do not feel that we would be warranted in disturbing the conclusion reached by the court as to the defendant's guilt.—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720.

There is no error, and the judgment is affirmed.
Affirmed.

WEAKLEY, C. J., and HARALSON and SIMSON, JJ., concur.