## RAFFOUR v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 20, 1922.)

No. 3901.

1. **Criminal law ⊜⟶824(12)—Failure to define reasonable doubt in instructions not error in absence of request.**

In the absence of request by defendant, failure to instruct as to what constitutes reasonable doubt is not error.

2. **Criminal law ⊜⟶825(4)—Failure to instruct specifically on presumption of innocence held not prejudicial error in absence of request.**

In the absence of request by defendant for a specific charge on the presumption of innocence, failure to give such charge is not prejudicial error, where the jury are instructed that defendant must be proved guilty beyond a reasonable doubt.

3. **Criminal law ⊜⟶1056(1)—Instructions need not be reviewed unless excepted to.**

Where no exceptions are taken to instructions given, the appellate court is not required to review them.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Criminal prosecution by the United States against Lou Raffour. Judgment of conviction, and defendant brings error. Affirmed.

Leo V. Youngworth and Harry J. McClean, both of Los Angeles, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and John R. Layng, Sp. Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Raffour, plaintiff in error, was convicted under three counts of an information which charged him with the unlawful possession, for beverage purposes, of certain intoxicating liquor, and with unlawfully maintaining a common nuisance at a designated place where certain brandy and wine containing alcohol in excess of one-half of 1 per cent. were kept, sold, and bartered for beverage purposes.

[1, 2] Defendant was represented by counsel at the trial, and no exceptions were taken to the rulings upon evidence or to the instructions of the court, and no requests to instruct were presented to the court. Reversal is here asked because of the omission of the lower court to instruct the jury that defendant was presumed to be innocent and because of omission to explain what constitutes a reasonable doubt.

The record shows that the court charged that the law requires in every criminal case that the defendant be proved guilty beyond a reasonable doubt, that the jury were the exclusive judges of fact and the credibility of the witnesses, and that the court, with considerable detail, stated the matters included in the statutory offenses charged. There was no explicit explanation of what constitutes a reasonable doubt, but, in the absence of a request for such explanation, it was

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not error to fail to give it. State v. Smith, 65 Conn. 283, 31 Atl. 206; United States v. Monongahela Bridge Co. (D. C.) 160 Fed. 712; People v. Christensen, 85 Cal. 568, 24 Pac. 888; People v. Graney, 91 Mich. 646, 52 N. W. 66. Furthermore, as the court charged that it was incumbent upon the government to establish guilt by proof beyond a reasonable doubt, in the absence of a request for a specific charge upon the presumption of innocence, we cannot believe that defendant was prejudiced. In Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. 394, 39 L. Ed. 481, the trial court was asked to charge concerning the presumption of innocence, but refused, although it did instruct that the jury must be satisfied of guilt beyond a reasonable doubt. The Supreme Court held that, where there was a request to charge as to the presumption of innocence and the request was refused, the refusal was erroneous, although the rule of reasonable doubt was stated to the jury. The case is readily distinguishable by observing that in the present instance there was no request and no effort was made to call the attention of the court to the omission.

[3] Plaintiff in error has complained of other instructions given in explanation of certain phases of the prohibition law, but, in the absence of exceptions, we do not feel called upon to discuss them. Buessel v. United States, 258 Fed. 811, 170 C. C. A. 105; Henry Ching v. United States (C. C. A.) 264 Fed. 639.

The evidence is in the record, and fully supports the verdict.

Finding no error, the judgment is affirmed.