STATE OF CONNECTICUT *vs.* HENRY E. GARDNER.

* Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 13th—decided July 31st, 1930.

* Transferred from the First Judicial District.

*Henry E. Gardner,* the accused, *pro se.*

*Donald Gaffney,* Assistant State's Attorney, with whom, on the brief, was *Hugh M. Alcorn,* State's Attorney, for the appellee (the State).

BANKS, J. The State offered evidence to prove: that the accused caused to be published in the Bridgeport Herald an article regarding William C. Hart, Chief of Police of the City of New Britain, which reads as follows: "Chief William C. Hart, Officer Dolan the finger print expert, Sergts. McCue, Feeney and McAvay, were in collusion with a bootlegging gang. Chief Hart is the owner of three autos; two new ones of the Auburn type were purchased this year at an approximate cost of $3500 for the two. I believe these were bought with bootleg money. Chief Hart and his wife are bootleggers. In fact the whole d . . . family are. They meet bootleggers at the town line and escort them in and many times the illicit liquor is transferred to the Chief's car, or his wife's auto, and delivered to the consumer;" that the words were false, abusive and libelous of William C. Hart, his wife and daughter, and were published with malice. The accused did not deny the publication nor attempt to prove the truth of his statements, but offered evidence to prove that he had received this information from a source he believed to be reliable, and that in publishing it he acted solely in the public interest and

with the honest purpose of performing a public duty.

The accused assigns as error the failure of the court to charge the jury that an accused is presumed to be innocent until proven guilty, and complains that the court did not fully charge the jury upon the question of burden of proof, and failed to define in its charge the meaning of the phrase, reasonable doubt. An accused is presumed to be innocent until proven guilty, but this presumption has no weight as evidence. Its function is exhausted in putting the burden of proof on the State. An explanation of the presumption of innocence has its proper place in a charge in a criminal case and should ordinarily be given, but, in the absence of requests to charge, and where the court charges the jury that the burden is upon the State to prove the guilt of the accused beyond a reasonable doubt, the failure of the court to charge upon the presumption of innocence is not reversible error. *State* v. *Smith*, 65 Conn. 283, 31 Atl. 206. The court repeatedly charged the jury that the burden was upon the State to prove the material and essential elements of the crime charged beyond a reasonable doubt, and gave the jury an unexceptionable definition of reasonable doubt. The court in its charge called the attention of the jury to the fact that the article published by the accused charged that the wife and daughter of the chief of police were also bootleggers and assisted bootleggers in violating the law, and told them that this publication, so far as it related to the wife and daughter, constituted criminal libel unless the accused in making it was actuated solely in the bona fide discharge of a public duty. The brief of the accused asserts that the court in this portion of the charge "was adding counts by joinder of the wife and daughter." The information charged the accused with causing to be published certain false, offensive, indecent,

abusive and libelous words which were set forth in the information and which included the charges affecting the wife and daughter of the chief of police, and alleged that the publication was "to the great injury, scandal and disgrace of the said William C. Hart and his said family." The charge of the court did not submit to the jury any matters not covered by the information. If it is the contention of the accused that in an information charging him with libel of the chief of police there could not also be joined the charge that the same publication was libelous of the chief's wife and daughter, the contention is not tenable. The gist of the crime is not the injury to the reputation of the person libeled but that the publication affects injuriously the peace and good order of society. Though each person libeled may have a separate civil action against the offender, a libel of two or more persons contained in a single writing constitutes but one offense. *State* v. *Hoskins,* 60 Minn. 168, 62 N. W. 270; 37 Corpus Juris, 147; Underhill on Criminal Evidence (3d Ed.) § 548.

The court charged the jury that upon the issue of privilege the accused must offer evidence to satisfy them that he was in fact actuated by a sense of public duty in making the publication complained of. The burden was upon the accused to prove his claim of privilege by a fair preponderance of the evidence. *State* v. *Pape,* 90 Conn. 98, 106, 96 Atl. 313. Of course upon the whole case the burden was upon the State to prove the accused guilty beyond a reasonable doubt and the court so charged very emphatically and the jury could not have been misled.

The other criticisms of the charge are without merit and do not warrant discussion.

The two rulings upon evidence to which exception is taken were clearly correct. The record discloses no

ground for correction or rectification of the finding, and we cannot consider the assignments of error based upon the rulings set forth in the amended draft-finding which were not incorporated in the finding.

The accused appeals from the refusal of the trial court to direct a verdict in his favor on the ground that the prosecution was not instituted within one year next after the offense was committed. The information filed by the State's Attorney in the Superior Court more than a year subsequent to the publication was not the commencement of a new proceeding but merely a substitution for the original complaint filed five days after the publication. *State* v. *Ward*, 49 Conn. 429, 437. The prosecution was commenced within the time prescribed in the statute of limitations.

There is no error.

In this opinion the other judges concurred.