Commonwealth, Appellant, *v.* Murawski.

Argued March 10, 1931. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*John S. Powers,* District Attorney, for appellant.

No appearance and no printed brief for appellee.

OPINION BY DREW, J., April 15, 1931:

This is an appeal from an order quashing an indictment. The defendant, charged with assault and battery, had a hearing before an alderman, and entered

bail for his appearance at the next term of the Court of Quarter Sessions. A bill of indictment was prepared and on December 3, 1930, a true bill was returned by the grand jury, whereupon the case was listed for trial. On December 10, 1930, a motion to quash the indictment was presented for the reason that the transcript of the alderman's docket showed the defendant had not been held for court. The court below quashed the indictment, and in an opinion filed gave as the reason for doing so, that the alderman did not enter into a "full hearing and investigation of the facts" and satisfy himself that the prosecution was "reasonably well founded" as he is directed to do by Section 1 of the Act of May 27, 1919, P. L. 306. The defendant did not assign this reason in his motion and does not rely upon it now.

We are obliged to sustain the Commonwealth's assignment of error. It is well settled that where, as in the present case, a defendant has had a preliminary hearing, has given bail for court, and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment: Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Hans, 68 Ibid. 275; Commonwealth v. Keegan, 70 Ibid. 436; Commonwealth v. Mazarella, 86 Ibid. 382; Commonwealth v. Fedulla, 89 Ibid. 244.

The record shows the defendant gave bail for court on September 22, 1930, and that he was not indicted until December 3, 1930. In Commonwealth v. Taylor, 65 Pa. Superior Ct. 113, this court at page 119, stated: "Where the complaint was with respect to matters of

procedure preliminary to the finding of the bill of indictment, it was the duty of the defendant to act promptly. It is too late after the indictment found to raise the objections presented on the motion to quash.''

Nor does a failure on the part of an alderman to conduct defendant's hearing in compliance with the Act of 1919, supra, alter the case, inasmuch as an objection on this ground would be likewise an objection to proceedings antedating the indictment, and would fall for the reason already given.

The order of the court below is reversed, the indictment restored, and a procedendo awarded.