7 So.2d 368

STATE v. SMITH et al.

No. 36513.

March 2, 1942.

Rehearing Denied March 30, 1942.

See, also, 194 La. 1015, 195 So. 523.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., Dewey J. Sanchez, Dist. Atty., of Baton Rouge, and Edwina E. Breckwoldt, Sp. Asst. Atty. Gen., for the State.

Cawthorn & Golsan, of Mansfield, for appellee.

HIGGINS, Justice.

The accused, J. Emory Adams, together with James Monroe Smith, Seymour Weiss and Louis G. Lesage, were jointly charged in a bill of information, in the Parish of East Baton Rouge, with having embezzled the sum of $75,000 belonging to the State of Louisiana. The defendant, Adams, filed in limine a plea of prescription on the ground that more than one year had elapsed since the date of the commission of the alleged offense, and the date that the alleged offense became known to an officer charged with the duty of instituting prosecution, and the date of the filing of the present information upon which the State seeks to try him.

The plea of prescription was tried upon the following agreed stipulation of facts:

"It is agreed between Dewey J. Sanchez, District Attorney of the Nineteenth Judicial District Court, and Joe T. Cawthorn, counsel for J. Emory Adams in the above numbered and entitled cause, that in respect to the plea of prescription filed herein on behalf of J. Emory Adams on July 15, 1941, the facts are as follows:

"Your District Attorney aforesaid admits that he and the Grand Jury of the Parish of East Baton Rouge had knowledge on or about July 7, 1939, of the transaction involving $75,000.00 paid to the National Equipment Company for the furniture and fixtures in the Bienville Hotel in Orleans Parish. That at that time they had knowledge of the purported participation in the division of the said $75,000.00 purchase price by J. Emory Adams, and others. That they believed that the venue for a prosecution thereof was in the Parish of Orleans, State of Louisiana, and that the Criminal District Court for the Parish of Orleans had jurisdiction thereof, which opinion was concurred in by the then District Attorney of Orleans Parish, Honorable Charles A. Byrne, and the matter was turned over to the said Charles A.

Byrne for prosecution in Orleans Parish, your District Attorney and the said Grand Jury having concluded that the venue and jurisdiction of the said offense lay in the Parish of Orleans and not regarding it as their duty to institute a prosecution therefor in the Parish of East Baton Rouge.

"That on July 25, 1939, a Bill of Information was filed by Honorable Charles A. Byrne, District Attorney for the Parish of Orleans, in the Criminal District Court for the Parish of Orleans, State of Louisiana, under the number 96,460 of the Docket of the said Court, against Dr. James Monroe Smith, J. Emory Adams, Seymour Weiss, Louis C. Lesage and Monte E. Hart, charging them with the embezzlement of $75,000.00 in lawful money of the United States of America.

"That subsequently defendants excepted to the jurisdiction of the Criminal District Court for the Parish of Orleans. That the Supreme Court of Louisiana sustained the plea to the jurisdiction of the said defendants on March 4, 1940. (State v. Smith et al., 194 La. 1015, 195 So. 523) That the Supreme Court of Louisiana denied the State's application for a rehearing of their decision on April 4, 1940, determining finally on that date that the proper jurisdiction for prosecution of the aforesaid offense was in the Parish of East Baton Rouge, State of Louisiana." (Brackets ours.)

"That subsequently, to-wit: On March 20, 1941, and within one year from the date the Supreme Court denied the aforesaid rehearing on April 4, 1940, a Bill of Information was filed in the above num-

bered and entitled cause in the Nineteenth Judicial District Court of East Baton Rouge Parish, charging all of the aforesaid defendants, with the exception of Monte E. Hart, then deceased, with the identical offense previously charged before the Criminal District Court for the Parish of Orleans, that is, with the embezzlement of the aforesaid $75,000.00 in the lawful money of the United States of America of the monies and property of the Louisiana State University and Agricultural and Mechanical College."

The trial judge maintained the plea of prescription and discharged the defendant. The State appealed.

The pertinent part of Article 8 of the Code of Criminal Procedure, as amended by Act 21 of the Second Extra Session of the Legislature of 1935, provides:

"No person shall be prosecuted, tried or punished for any offense, murder, arson, rape, robbery and counterfeiting excepted unless the indictment, presentment or information for the same be found, exhibited or filed, or unless an affidavit in misdemeanor cases that may be prosecuted by affidavit, be *filed within one year after the offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction;* but this prescription shall not apply to prosecution and conviction for a lesser offense under an indictment or information for murder, arson, rape, robbery or counterfeiting. Nor shall any person be prosecuted for any fine or forfeiture unless the prosecution for the same shall be instituted within six months

of the time of incurring such fine or forfeiture.

"Provided, that in all criminal prosecutions an indictment or presentment found or exhibited, *or an information filed, or an affidavit filed where prosecution may be by affidavit, before the above prescription has accrued, shall have the effect of interrupting such prescription;* and if any such indictment, presentment, information or affidavit be quashed, annulled or set aside, or a nolle prosequi be entered, prescription of one year and six months, respectively, as above provided, shall begin to run against another indictment, information or affidavit based on the same facts, only from the time that said original indictment, presentment, information or affidavit was quashed, set aside, annulled or nolle prosequied." (Italics ours.)

The State contends that under the above-quoted provisions of the Article prescription is interrupted by the mere filing of the indictment or information, even though it is not filed in a court of competent jurisdiction.

Counsel for the defendant argues that a bill of information or indictment filed in a court which is wholly without jurisdiction of the case and powerless to render a valid judgment therein does not interrupt the running of prescription.

In the instant case, it is clear beyond any doubt that the District Attorney and the Grand Jury of the Parish of East Baton Rouge and the Attorney General of the State of Louisiana, were fully apprised on or about July 7, 1939, of the commission of the alleged offense and that prescription would be effective against further prosecution unless the bill of information filed in the Parish of Orleans on July 25, 1939 had the effect of interrupting prescription. State v. Oliver, 196 La. 659, 199 So. 793.

It is conceded in this case that the Criminal District Court for the Parish of Orleans had no jurisdiction of the alleged offense and that the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge did have jurisdiction thereof. State v. Smith et al., 194 La. 1015, 195 So. 523.

In State v. Cooley et al., 176 La. 448, 146 So. 19, 22, in holding that prescription accrues within one year from the date that information or knowledge of the crime is made known to the judge, district attorney or grand jury having jurisdiction, the Court stated: "The prescription, prescribed by article 8, Code Cr.Proc., begins to run from the date knowledge of the crime is made known to the judge, district attorney, or grand jury having jurisdiction, and it is not affected by the non-action of the official or official body authorized to prosecute, no matter what the official's reason may be for his or their nonaction."

In answering adversely the State's contention, the trial judge stated:

"The bill of information here under consideration was filed March 20, 1941, which was less than a year from the time that it is claimed the prescriptive period began to run on April 4, 1940.

"In the trial of the plea of prescription before this Court the State was represented by its Attorney General. Mr. Stanley in presenting the State's side of the matter frankly admitted that the identical question here presented has never been passed upon by the Supreme Court of this State. He concedes that a criminal prosecution on an indictment or information which has been declared an absolute nullity *does not interrupt prescription, but he contends that where a criminal prosecution which is not defective in form so as to render it absolutely null and void is dismissed by an appellate court on other grounds, prescription is interrupted.*

"In his brief he says: 'Where a proper indictment was filed on which the Court could have rendered a valid judgment upon conviction, and the Court dismissed the prosecution *for some reason other than that the indictment or information was defective and therefore, null and void, the mere filing of the indictment or information is sufficient to interrupt prescription.'* The above statement is correct as a matter of law, *provided the indictment or bill of information is filed in a court having jurisdiction of the offense alleged, and provided the court in which the same is filed could render a valid judgment.*

"It is my view that a bill of information or indictment filed in a parish other than the parish where the offense was committed, no matter how properly the indictment may be worded, is without legal effect and being so, it could not possibly serve to interrupt the running of prescription. It seems to me preposterous to say

that there could be such a thing as an indictment that is worthless for all other purposes, yet good to interrupt the running of prescription.

"In my opinion that very portion of the bill of information here under consideration purporting to negative prescription shows conclusively that prescription had run as of the date of its filing.

"It is true that in the case of State v. Gendusa, 193 La. 59, 190 So. 332, it was held that the timely return of an indictment interrupts prescription notwithstanding the fact that it may be subsequently set aside. In such cases, however, *the return must be made to a court having jurisdiction of the offense.*

"The provisions of the second paragraph of Article 8 of the Code of Criminal Procedure do not in my opinion, justify the position taken by the State. Obviously, the indictments, bills of information and affidavits there referred to are indictments, bills of information and affidavits properly filed in the court having jurisdiction.

"There can be no doubt that it is the law of this State that when an indictment is quashed and set aside, the time during which it was pending shall not be computed as a part of the time of the limitation prescribed for the offense, provided the same offense and the same offender are charged in both prosecutions. However, the indictment or bill of information must be pending *in a court in which there could be a valid prosecution of the offense charged and not in a court that would be utterly powerless to impose any judgment or sentence upon the accused.*

"I can find nothing in the case of State v. Young, 194 La. 1061, 195 So. 539, cited by the Attorney General, that would lead to any different conclusions than those I have reached and hereinabove expressed." (Italics ours.)

We are of the opinion that the filing of the bill of information in the Parish of Orleans and in a court which was completely devoid of and wholly lacking in jurisdiction did not have the effect of interrupting the running of prescription against the same alleged offense in the Parish of East Baton Rouge.

For the reasons assigned, the judgment appealed from is affirmed.