## Commonwealth, Appellant, *v.* Manni.

Submitted November 16, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Louis H. Ceraso,* Assistant District Attorney, and *John N. Scales,* District Attorney, for Commonwealth, appellant.

*Philip Corbin, Jr.,* for appellee.

OPINION PER CURIAM, March 27, 1973:

In this case the Commonwealth appeals from the lower court's order quashing the indictment for certain defects in the complaint.

This action began on March 10, 1971, when a criminal complaint was filed against Franklin Manni, the appellee, charging him with failure to support his child born out of wedlock on April 27, 1969. Although the complaint was signed by the prosecutrix, the only date as to the signing was 1971. Furthermore, there was no date for the verification of her signature and the certification by the justice of the peace except 1971. Although the verification and the certification contained the signature of the justice of the peace, they both lacked his seal. On March 26, 1971, the appellee was arrested and brought before the justice of the peace. A preliminary hearing was held on March 31, 1971, where the justice of the peace held the appellee for court and set bail at $1,000. That same day, defendant posted bail. After presentment of the case by the prosecutrix, the grand jury handed down an indictment on August 5, 1971. Then, on August 20, 1971, defendant made a motion to quash the complaint and indictment claiming that the criminal complaint was defective.

The lower court based its decision granting the motion to quash on Rules 104, 105 and 106 of the Pennsylvania Rules of Criminal Procedure. While these Rules require the date of execution, verification, and certification on the complaint, as well as the seal of the justice of the peace on the verification and certification, they are silent as to whether these requirements may be waived. Prior to the Rules of Criminal Procedure, our Court said in *Commonwealth v. Murawski*, 101 Pa. Superior Ct. 430 (1931) : "It is well settled that where, as in the present case, a defendant has had a preliminary hearing, has given bail for court, and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment." *Id.* at 431. In *Murawski*, the defendant filed his motion to quash one week after the indictment was handed down. The Court there held that this was a waiver of defendant's right to object to the alderman's failure to fulfill the statutory requirement of Section 1 of the Act of May 27, 1919, P. L. 306, 19 P.S. §21, of providing a full hearing and investigation of the facts to insure a reasonably well-founded prosecution.

*Murawski* was cited with approval in *Commonwealth v. Bruno*, 203 Pa. Superior Ct. 541, 201 A.2d 434, *allocatur refused*, 203 Pa. Superior Ct. xxxiii (1964), *cert. denied*, 379 U.S. 965 (1965), where this Court held that the defendants could not question the inadequacy of the informations which contained many blank spaces after they had been indicted. The Court, speaking through Judge MONTGOMERY, stated: "Even though a defective information is subject to review on a question of jurisdiction of the case or subject matter if brought in timely fashion, an indictment found regularly upon examination of witnesses will operate to correct any jurisdictional, as well as procedural, defects

and irregularities in the information, warrant and proceedings before a magistrate." *Id.* at 549, 201 A.2d at 437. The Court also cited with approval *Commonwealth v. Brennan,* 193 Pa. 567, 44 A. 498 (1899). There the information had not been sworn to and subscribed before the committing magistrate. When at trial the defendant made a motion to quash, the Court held that "it is certainly too late after indictment" to be heard on the subject. *Id.* at 569, 44 A. at 498.

The lower court's opinion and the brief of appellee cite *Commonwealth v. Rose,* 437 Pa. 30, 261 A.2d 586 (1970). The appellee uses *Rose* for the proposition that Pa. R. Crim. P. 102 means that *all* proceedings must be initiated by a criminal complaint, and that Rules 104, 105 and 106 *must* be followed in every respect. We find that *Rose* does not preclude a waiver by a defendant of Rules 104, 105 and 106. The Pennsylvania Supreme Court at the outset of its opinion in *Rose* stated: "In the Rose action, an equally serious question exists as to whether the indictment cured any prior defects or, if not, whether defects preliminary to the indictment should be considered on a motion to quash. We specifically are not deciding these difficult questions." *Id.* at 34, 261 A.2d at 588. The Court went on to hold that "common pleas judges when sitting as committing magistrates must follow the rules precisely." *Id.* at 35, 261 A.2d at 588. In *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A.2d 764 (1971), *cert. denied,* 404 U.S. 1000 (1971), the Pennsylvania Supreme Court made it clear that "the [Rose] opinion's language concerning the Rules of Criminal Procedure stressed that the Rules applied to common pleas judges sitting as committing magistrates. The opinion was limited to that factual situation." *Id.* at 129, 277 A.2d at 770. The Court went on to hold that a criminal proceeding could be commenced by a court-supervised

investigating grand jury's presentment directly to an indicting grand jury even though no complaint was filed nor any preliminary hearing was held. The Court added: "It would be unreasonable to infer such a drastic alteration, as urged by appellees, from mere silence in rules dealing with more commonplace criminal proceedings." *Id.* at 129, 277 A.2d at 770.

It is apparent that the situation before us now bears some similarity to the situation before the Court in *McCloskey*. As the Rules were silent there as to a commencement of criminal proceedings by a grand jury, they are also silent here as to whether a defective complaint may be waived. The courts of this Commonwealth have consistently held that a defendant by his actions may waive a defective complaint or information. *See Commonwealth v. Brennan,* 193 Pa. 567, 44 A. 498 (1899); *Commonwealth v. Bruno,* 203 Pa. Superior Ct. 541, 201 A.2d 434, *allocatur refused,* 203 Pa. Superior Ct. xxxiii (1964), *cert. denied,* 379 U.S. 965 (1965); *Commonwealth v. Wideman,* 150 Pa. Superior Ct. 524, 28 A.2d 801 (1942); *Commonwealth v. Murawski,* 101 Pa. Superior Ct. 430 (1931). To now permit a defendant to wait until after an indictment is handed down to attack the complaint would violate this traditional theory of waiver. Accordingly, we hold that the appellee by waiting until after indictment to attack the defective complaint has waived his right to object.

Furthermore, there appears to be no prejudice to the appellee from the defects in the complaint. The complaint gave him adequate notice of the crime and the alleged date of that crime. Appellee was given a preliminary hearing on March 31, 1971, at which time he was made aware of the complaint and could have attacked its defects. The preliminary arraignment and the preliminary hearing were both held well within the 2-year statute of limitations so there was no possibility

that the complaint was executed after the statute of limitations ran out.[1]

Order reversed with a procedendo.

---

[1] The statute of limitations for failure to support a child born out of wedlock runs from the birth of the child to the date the complaint or information is executed and not to the date of indictment. *Commonwealth v. Dunnick*, 204 Pa. Superior Ct. 58, 202 A. 2d 542, *allocator refused*, 204 Pa. Superior Ct. xxxvii (1964). Here the child was born April 27, 1969, and since it is clear that the complaint was filed before April 27, 1971, it was timely.