**Ex parte Scottie Gene WARD.**

**No. 56017.**

Court of Criminal Appeals of Texas.

En Banc.

Jan. 18, 1978.

Steve Carlton, Orange, for appellant.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order of the trial court entered in a habeas corpus proceeding.

The appellant is charged by indictment with the crime of aggravated rape. The habeas corpus application in the trial court sought the discharge of the appellant on the basis that the indictment was void, and also sought reduction of appellant's bail pending trial. The trial court granted the relief sought in respect to bail and lowered appellant's bond to $15,000. The trial court denied all relief on the issue of the void indictment. Appellant only appeals from the denial of relief on the issue of the indictment.

Ordinarily, when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus relief is not available prior to trial to test the sufficiency of the complaint, information or indictment. *Ex parte Meers,* 129 Tex.Cr.R.

465, 88 S.W.2d 100; *Ex parte Jarvis*, 109 Tex.Cr.R. 52, 3 S.W.2d 84. This Court will, however, take note of the fact that there is no pleading charging an offense in an appeal from a habeas corpus hearing.

In *Ex parte Dickerson*, Tex.Cr.App., 549 S.W.2d 202, appeal was taken from an adverse ruling in a habeas corpus hearing relative to bail. This Court took notice of the fact that the indictment showed on its face that it was barred by limitation and dismissed prosecution under the indictment, setting forth the following rule:

> ". . . if the pleading, on its face, shows that the offense charged is barred by limitations the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted."

The rape with which appellant is charged was allegedly committed on March 14, 1974. The indictment in this case was presented on July 6, 1977, over three years and three months from the date of the alleged rape.

At the time of the alleged incident, the period of limitations was set by Art. 12.01, V.A.C.C.P., which provided, in pertinent part: ". . . felony indictments may be presented within these limits, and not afterward: (4) one year from the date of the commission of the offense: any felony in Penal Code Chapter 21 (Sexual Offense)."[1] The indictment in the instant case, introduced into evidence by the State, was clearly presented beyond the time allowed by the statute.

■ In an apparent attempt to overcome the limitations barrier, the indictment included the following averment:

> "And the grand jurors aforesaid do further present that on or about the 14th day of March, 1974, a complaint against

the said Scottie Gene Ward, at the time known only as an unknown white male with the nickname Cherokee and being described as approximately 20 years old, 5'11", 165 to 180 pounds with brown hair, charging him with the same offense charged in this indictment was duly filed in the Justice Court of Precinct No. One of Orange County, Texas, and thereafter said complaint was pending in said court at the time of the presentment of this indictment."[2]

This allegation was included in the indictment in an effort to bring it within the provisions of Art. 12.05, V.A.C.C.P., which provides, in pertinent part:

> "(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.
>
> (c) The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason."

■ This case presents the issue of whether a complaint, filed in a justice court, will toll the running of the statute of limitations in a felony case. This question appears to be one of first impression. We hold that such a complaint does not toll the running of the period of limitations.

Article 12.05, supra, provides that the period of limitations will be tolled only after the "indictment, information, or complaint is filed in a court of competent jurisdiction . . . ." In *Hultin v. State*, 171 Tex. Cr.R. 425, 351 S.W.2d 248, 255, this Court

---

1. Article 12.01 was amended by Acts 1975, 64th Leg., p. 478, ch. 203, sec. 5, eff. Sept. 1, 1975, to delete section 4 and include rape in the general three year statute of limitations for felonies. Even if the new three year period was applicable, the indictment would still have been presented after the time had expired.

2. Article 21.07, V.A.C.C.P., provides, in pertinent part: "When the name of the person is unknown to the grand jury, the fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment." Thus, lack of knowledge of the accused's name does not prevent indictment.

stated: "A court of competent jurisdiction means a court that has jurisdiction of the offense."

In *Hultin*, it was further stated that jurisdiction "includes the three essentials necessary to the jurisdiction of a court; the court must have authority over the person and the subject matter, and it must have power to enter the particular judgment rendered." See 16 Tex.Jur.2d, Criminal Law, Sec. 200. In 15 Tex.Jur.2d, Courts, Sec. 45, it is written: "Jurisdiction is the power to hear and determine issues of law and fact involved in a case, and to render a judgment thereon, after deciding the existence or non-existence of material facts and applying the law to the findings."

V.T.C.A., Penal Code, Sec. 21.03, classifies aggravated rape as a felony of the first degree. Article 5, Sec. 8, Vernon's Constitution of Texas Annotated, provides, in pertinent part: "The District Court shall have original jurisdiction in all criminal cases of the grade of felony . . . ." This provision is also incorporated in Art. 4.05, V.A.C.C.P. Article 5, Sec. 19, Vernon's Constitution of Texas Annotated, provides, in pertinent part: "Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than two hundred dollars . . . ." This provision is also incorporated in Art. 4.11, V.A.C.C.P.

While the justice court had authority to take a complaint and issue a warrant of arrest, we find that such court did not have jurisdiction of the felony offense charged herein so as to come within the ambit of Art. 12.05, supra. To hold to the contrary would be to allow a "credible person" to file a complaint in the justice court charging an accused with a felony offense without inquiry being made about the nature of the knowledge upon which an affiant bases his

factual statements, and thereby toll the statute of limitations forever. See Art. 15.-05, V.A.C.C.P.; *Wells v. State*, Tex.Cr.App., 516 S.W.2d 663.

■ We hold that the indictment shows on its face that it is barred by limitation. The indictment is thus void and provides the trial court with no jurisdiction over the appellant.[3]

Habeas corpus relief is granted, and the prosecution under this indictment is ordered dismissed.

DOUGLAS, Judge, dissenting.

The question presented, in essence, is whether a court of "competent jurisdiction", as this term is used in Article 12.05, V.A.C.C.P., refers only to a court which has the power to enter a judgment in a particular case, or whether it also refers to a court which has the authority at the time of acting to do a particular act. The majority errs in adopting the narrower construction of the term and, as a result, incorrectly holds that a complaint filed in a justice court will not toll the running of the statute of limitations in a felony case.

21 C.J.S. *Courts* § 22 (1940), states, in part:

"The term 'competent jurisdiction' is susceptible of two meanings; it may signify that the court must acquire and exercise jurisdiction competent to grant an application, through and by reason of a strict conformity to the requirements of a statute, or it may signify jurisdiction over the subject matter, a sort of authority in the abstract, to hear and determine a case. . . .

"*A court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act*; . . . ." (Italics supplied).

---

**3.** Our research reflects that this issue has been met in other jurisdictions in *Ex parte Lacey*, 6 Okl. 4, 37 P. 1095; *State v. Smith*, 200 La. 10, 7 So.2d 368; *Hattaway v. United States*, 5 Cir., 304 F.2d 5. For what may be a contra view, see *State v. Hemminger*, 210 Kan. 587, 502 P.2d 791, where it was stated that a prosecution to toll the statute "is commenced by the filing of a

verified complaint and the issuance of a warrant in *good faith*." In the instant case, the complaint filed in the justice court was not introduced, the reference thereto being in the indictment. The record does not reflect whether a warrant was ever issued upon the basis of the complaint.

Black, Law Dictionary (4th ed. 1968), states that the term "competent authority," as applied to courts, "imports jurisdiction and due legal authority to deal with the particular matter in question. . . ."

Article 15.03, V.A.C.C.P., authorizes a magistrate to receive a complaint and issue a warrant of arrest, and Article 2.09, V.A.C.C.P., provides that the justices of the peace are magistrates within the meaning of the statute. Thus, it is beyond dispute that the justice court in the present case had the power and authority to act on the matter before it—the complaint charging appellant with rape—although it had no power to determine the issues of law and fact in the case or to render a judgment based upon such a determination.

The opinion in *State v. Hemminger*, 210 Kan. 587, 502 P.2d 791 (1972), is instructive. In that case, defendant committed first degree robbery on September 20, 1964. A complaint was verified and filed in the court of common pleas at Wichita, Kansas, on November 4, 1964. A warrant of arrest was issued on that date but never served.

Defendant was incarcerated in the State of Missouri from the date the original warrant was issued until he was extradited in 1969. An amended complaint was filed and an amended warrant was issued on April 29, 1969, and defendant was bound over for trial in the district court on May 28, 1969. He was tried and convicted in 1970.

On appeal, defendant contended that the filing of the original complaint and the issuance of the original warrant did not constitute commencement of prosecution within the meaning of the Kansas statute. He thus argued that the prosecution was barred by the two year statute of limitations applying to robberies.

The Supreme Court of Kansas observed at the outset that K.S.A. 62–602 required that complaints in criminal cases be made to a magistrate and that such magistrate must determine whether a warrant should issue. The court then determined that the court of common pleas at Wichita had the same jurisdiction in criminal cases as was then given to justices of the peace and that

consequently such court was a magistrate court within the contemplation of the statute.

K.S.A. 62–505 provided that where an indictment or information is defective and is quashed, set aside or judgment thereon reversed, "the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense." Holding that the pendency of a complaint as well as the pendency of an indictment or information met the provisions of the statute so as to toll the statute of limitations, the court reasoned that the original complaint was verified and filed in a court of "competent jurisdiction" and that such a court was one "having jurisdiction to entertain the complaint and issue the warrant." 502 P.2d at 796. Thus, the court concluded that the pendency of the complaint filed in the court of common pleas, coupled with the issuance of the warrant thereon, tolled the statute of limitations even though the information was not filed in the district court within two years from the date of the offense.

Although not controlling in the case at bar, certain well established principles relative to the criminal statutes of limitation tend to support the view of the court in *Hemminger* that a felony complaint filed in a justice court will interrupt the running of the statute. The general rules in this regard are stated in 21 Am.Jur.2d, *Criminal Law*, Section 161 (1965):

"The statute of limitations runs from the time the offense is committed until the prosecution is commenced, unless some intervening act occurs to interrupt it. If the finding of an indictment or the filing of an information is the first step in a criminal case, the prosecution is commenced by the finding and return of the indictment or the filing of the information, and the running of the statute is thereby stopped. *But when, as is usually the case, there are preliminary proceedings, the prosecution is commenced and the statute is tolled at the time a complaint is laid before a magistrate and a warrant of arrest is issued; . . . ."* (Italics supplied and footnotes omitted).

Similar statements with respect to the filing of a complaint and the issuance of a warrant are found in 22 C.J.S. *Criminal Law* § 234 (1961), and 1 Wharton, Criminal Law and Procedure Section 184 (12th ed. 1957). Cases supporting this proposition include *People v. Clement*, 72 Mich. 116, 40 N.W. 190 (1888); *State v. Erving*, 19 Wash. 435, 53 P. 717 (1898); *Clayton v. State*, 122 Ala. 91, 26 So. 118 (1899); *State v. Simpson*, 166 Ind. 211, 76 N.E. 544 (1906); *Jarrett v. State*, 49 Okl.Cr. 162, 292 P. 888 (1930); *State v. Gardner*, 112 Conn. 121, 151 A. 349 (1930); *State v. Emanuel*, 153 So.2d 839 (Fla.App.1963); *Commonwealth v. Manni*, 223 Pa.Super. 403, 302 A.2d 374; *People v. Robins*, 33 Ill.App.3d 634, 338 N.E.2d 222 (1976); and *McMorris v. State*, 26 Md.App. 660, 338 A.2d 912 (1975), aff'd 277 Md. 62, 355 A.2d 438 (1976).

In *State v. Disbrow*, 130 Iowa 19, 28, 106 N.W. 263, 266 (1906), it was stated:

"The beginning of a prosecution and a finding of an indictment are not equivalent expressions. A prosecution is begun when an information [complaint] is filed before a magistrate and a warrant issued for the defendant's immediate arrest. An indictment is found when it is presented by the grand jury in due form in open court and filed with the clerk. This distinction has been widely, though perhaps not universally, recognized. (Citations omitted)."

This writer finds no precedent which should commit Texas to a rule by which the filing of an indictment or information or complaint in a court in which the case can be tried is the only method of interrupting the running of the statute of limitations for felony offenses. *Ex parte Lacey*, 6 Okl. 4, 37 P. 1095 (1894), and *State v. Smith*, 200 La. 337, 7 So.2d 368 (1942), relied upon by the majority in footnote 3 to its opinion, are distinguishable.

*Ex parte Lacey* involved a habeas corpus proceeding in the Supreme Court of Oklahoma wherein petitioner contended the statute of limitations barred his prosecution. He had been charged with perjury by a complaint filed before a United States Commissioner within the limitation period. The pertinent statute, Section 1044, Rev.St. U.S., read as follows:

"No person shall be prosecuted, tried or punished for any offense not capital, except as provided in section one thousand and forty-six unless the indictment is found or the information is instituted within three years next after such offense shall have been committed."

The court held that a complaint filed before a commissioner would not toll the running of the statute and granted relief because no indictment or information had been filed within the prescribed period. The decision, however, turned on the fact that the statute made no reference to charges brought by complaint.

In *State v. Smith*, the Supreme Court of Louisiana held that an indictment must be returned in a court which has jurisdiction to try the case in order to interrupt the running of the statute of limitations. The statute in question, however, made no mention of the filing of a complaint or other preliminary proceedings.

*Hattaway v. United States*, 304 F.2d 5 (5th Cir. 1962), is not on point. There, defendant was charged by information with kidnapping and subsequently convicted. The conviction was vacated eight years after the crime was committed because he had been charged with a capital offense and, thus, should have been charged by indictment. The government then indicted him for the offense of kidnapping a person who was liberated unharmed and obtained a conviction.

On appeal, defendant contended that the prosecution was barred because the indictment had been returned after the running of the controlling statute of limitations. The government argued that the case fell within the ambit of 18 U.S.C.A. Section 3288, and that the filing of the information had tolled the running of the statute of limitations. Section 3288 provided:

"Whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, or is found otherwise defective or insufficient for

any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned not later than the end of the next succeeding regular term of such court, following the term at which such indictment was found defective or insufficient, during which a grand jury shall be in session which new indictment shall not be barred by any statute of limitations."

After a thorough analysis of the government's position, the court concluded that the term "indictment" means indictment, and did not mean, as the government had contended, any formal accusation or charge of wrongdoing. The court held that the filing of the information did not toll the running of the statute of limitations and reversed the conviction. It is clear that a contrary result would have been reached if Section 3288 had made reference to the filing of an information or complaint, as Article 12.05, supra, does.

It is significant that Article 12.05 is directed to the filing of an indictment, information or complaint in a court of competent jurisdiction, and that *it does not state the charging instrument must be filed in a court having jurisdiction to try the case.* The Legislature's intent in enacting this provision was not only to extend the period of limitation in cases where an indictment or information is filed within the prescribed period, but also to extend such period where a complaint is filed in good faith by the State before the statute has run and there is insufficient time to present an indictment or information.

The majority fears that to permit the filing of a complaint in a justice court to toll the running of the statute could allow a felony charge to burden an accused during the remainder of his life. But there is no vested right to escape from prosecution; statutes of limitation are acts of grace, a surrendering by the sovereign of its right to prosecute. See 22 C.J.S. *Criminal Law*

§ 223 (1961), and cases there cited. Moreover, the accused can protect himself from the danger that the statute will be tolled indefinitely by demanding a hearing.[1]

Like the court in *State v. Hemminger, supra,* the justice court in the instant case had jurisdiction to entertain the complaint and issue an arrest warrant. No reason appears why petitioner should be in a more favorable position that an accused in a similar case where the charging instrument was filed in a court having jurisdiction to try the case.

We should hold that the filing of a felony complaint in a justice court will toll the running of the statute of limitations. And since the indictment in this case alleged facts tolling the limitation period, see *Cooper v. State,* 527 S.W.2d 563 (Tex.Cr.App. 1975), we should further hold that such indictment is not void on its face.

The relief sought should be denied.

ODOM, VOLLERS and W. C. DAVIS, JJ., join in this dissent.

---

1. See Tex.Laws 1977, ch. 787, at 1970, effective as of July 1, 1978. This Act, relating to a speedy trial in criminal cases, amends the Code of Criminal Procedure, 1965, as amended, by adding Chapter 32A, by adding Articles 17.151 and 28.061, and by amending Articles 29.02 and 29.03.