## Commonwealth v. Sprowls

Before Gibson, P. J., Carson and Cummins, JJ.

*Malcolm Anderson,* assistant district attorney, for Commonwealth.

*Zeman & Zeman,* for defendant.

CARSON, J., October 27, 1952.—Defendant was indicted for assault and battery on one count, in each of the prosecutions, at August term, 1952, nos. 109,

110, 111, 112. The matter now comes before the court on motion of defendant to quash the indictments.

The information made out April 2, 1952 at August term, 1952, no. 109, charged that defendant committed the offense on March 31, 1952. Defendant appeared before the magistrate, waived the hearing and gave bond for court. The record shows that on May 26, 1952, a hearing was held at which defendant was not present, but the Commonwealth's witnesses appeared and testified. Defendant was held for court.

The information made April 16, 1952, at August term, 1952, no. 110, charged that defendant committed the offense on November 5, 1951. Defendant appeared before the magistrate, waived the hearing and gave bond for court. The record shows that on May 29, 1952, a hearing was held at which defendant was not present, but the Commonwealth's witnesses appeared and testified. Defendant was held for court.

The information made April 17, 1952, at August term, 1952, no. 111, charged that defendant committed the offense on February 13, 1951. Defendant appeared before the magistrate, waived the hearing and gave bond for court. The record shows that on May 27, 1952, a hearing was held at which defendant was not present, but the Commonwealth's witnesses appeared and testified. Defendant was held for court.

The information made April 25, 1952, at August term, 1952, no. 112, charged that defendant committed the offense on February 12, 1952. Defendant appeared before the magistrate, waived the hearing and gave bond for court. Thereafter, on June 25, 1952, the following appears in the transcript:

"The prosecutor is unable to appear as she is away from home, since there are three other informations of like nature where the same defendant has been held for court and since the defendant posted bond and

waived this hearing and case to court, this case is also returned to Next Court, . . . ."

The prosecution at August term, 1952, no. 109, is based upon an information charging a school teacher with assault and battery for whipping a pupil. After defendant had waived the hearing and filed bond, three additional informations were made before the same alderman, against the same teacher, for whipping three other children, at times dating as far back as February 13, 1951. The grand jury returned true bills in each case, and thereafter, exceptions were filed in each case. The four cases were argued together and submitted on the same briefs. We will, therefore dispose of them in one opinion.

The objections may be generally grouped under two divisions. First, where the information charges assault and battery, and defendant waived the preliminary hearing and gave bond for court, may the magistrate omit the hearing required by law? Second, after defendant has given bond, in such case, is it proper to quash the indictment upon motion?

The Act of May 27, 1919, P. L. 306, sec. 1, 19 PS §21 provides:

"In all cases of prosecutions for assault and battery, the Alderman, Justices of the Peace, or Magistrate, before whom such case is instituted, *shall*, before he binds any person so charged over to the Court of Quarter Sessions upon the oath of any complainant, *enter into a full hearing and* investigation of the facts charged, *and shall only* bind over the defendant to the said Court when he is satisfied from the evidence that the prosecution is reasonably well founded."

(Italics supplied).

In each of the four cases, the transcripts show that the requirements of the Act of 1919 were violated when defendant gave bail for court and waived the

hearing. Without notice to defendant and without defendant being present, the prosecutor testified in three of the cases. In the fourth case, the transcript shows that no hearing was held for the reason that defendant had been held for court in three other cases.

In the preliminary hearings, "a full hearing and investigation of the facts charged" must be heard. Nevertheless in the instant case, defendant did not know of the hearings and was not present. The Act of 1919 has been violated and the magistrate had no authority to bind defendant so charged over to the court of quarter sessions.

The legislature clearly intended to terminate the practice of making one or more informations against the same defendant, charging assault and battery, requiring defendant to give bond in each case, and then to be bound over to court, with the resultant accumulation of costs.

Judge Lewis, speaking for the court en banc in Luzerne County in the recent case of Commonwealth v. Banos, 40 Luz. 285, said:

" 'This is a mandatory requirement imposed upon all justices and aldermen in prosecutions for assault, and was undoubtedly intended by the Legislature to relieve the courts from any trifling prosecutions. It is not within the power of either the prosecutor or the defendant to waive this requirement. It is the duty of the alderman to obey the law and to send no case into court until he is satisfied from the evidence that the prosecution is reasonably well founded. It has been suggested by the district attorney that in the case before us the defendant voluntarily waived the hearing and entered bail. The statute, however, is not to be set aside because the defendant is willing. We are of the opinion, therefore, that this case having been

sent into court without such preliminary hearing, is here prematurely and that the indictment should be quashed. . . .

" 'The Act of 1919 must be limited to the purposes plainly evident upon its face for its enactment and should be so construed as not to impair any rights which the defendant now has, including the right to waive a hearing and to enter bail at once if he sees fit. Notwithstanding the defendant may thus waive the hearing and enter bail at once, the statute specifically imposes upon the justice the duty of having a hearing in assault and battery cases whereby the justice may, as the result of such hearing, come to the conclusion that the case does not warrant prosecution and may dismiss it and discharge the defendant, and, as a necessary consequence, the bail.' "

The Act of 1919 is entitled:

"An Act Relating to Criminal Procedure before Aldermen, Justices of the Peace, and Magistrates, in Cases of Assault and Assault and Battery."

The first section of this act, which prohibits the binding over of any defendant charged in a prosecution of assault and battery before a full hearing and investigation of the facts charged, sets forth a mandatory requirement. The obvious purpose of the legislature to relieve the courts of quarter sessions of many trifling prosecutions growing out of quarrels, etc., and to prevent the imposition of unnecessary costs, was in our opinion, a wise provision. There is no authority whereby this statutory prohibition may be avoided through consents or waivers, by the prosecutor and/or by defendant.

It has been argued that the court subsequent to the indictment cannot enforce the Act of 1919. To so hold would be to render the court helpless to enforce the enactment of the legislature.

It has been argued that defendant could have taken a writ of certiorari or a writ of habeas corpus and thus have questioned the validity of the informations. This defendant could have done, but the failure of defendant to do so does not render this court incapable of enforcing the act of assembly. The legislature has determined that the proper administration of justice requires that the magistrate hold a full hearing and investigate the facts before binding defendant over to the quarter sessions court. The courts must enforce the will of the legislature, thus clearly expressed. Even if defendant does want her case taken to court and there tried, it is now the duty of the magistrate to hold a hearing and investigate, and then determine whether the facts warrant the prosecution. If the magistrate finds that the facts do not warrant prosecution, he should then and there dismiss the action. He can bind defendant over only when satisfied from the evidence that the prosecution is reasonably well founded.

Our conclusion is in accordance with the opinion expressed by Judge Corson in the case of the Commonwealth v. Detwiler, 24 D. & C. 360, in which case the grand jury had returned a true bill charging assault and battery against a school teacher in a case closely analogous to the instant case. The court of Montgomery County quashed the indictment. See Commonwealth v. Benson, 55 Montg. 68, where Knight, P. J., quashed an indictment because the transcript did not show compliance with the Act of 1919. In the recent case of Commonwealth v. Shane, 5 Chester 21 (1951), the court refused to quash the indictment, but that case is distinguished because a hearing had been held. The same circumstances also distinguish the case of Commonwealth v. Murawski, 101 Pa. Superior Ct. 430.

Counsel for defendant devoted considerable time in his oral argument and much space in his brief, to his

contention that defendant being a school teacher, the Act of March 10, 1949, P. L. 30, sec. 1317, 24 PS §13-1317, requires that the indictment show malice as an essential element of the crime. As we are dismissing the indictment, we will only devote sufficient space to this argument to point out that such contention is based upon alleged facts which are not of record. Such a defense, if interposed, is a matter to be disposed of at trial.

### Order

And now, October 27, 1952, the motion of defendant to quash the indictment is sustained and the indictment is quashed.